T. C. SHANE *v.* MARY HELEN KOEHLER.

[No. 1-475A75. Filed March 23, 1976.]

*Ronald Warrum,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Shane challenges the sufficiency of the evidence supporting a judgment in favor of plaintiff-appellee Koehler on her complaint to enforce a foreign judgment of paternity. We reverse.

Shane argues that no evidence was introduced at trial to establish the existence of a judgment of paternity against him as alleged by Koehler in her complaint. He therefore urges that the judgment of the Vanderburgh Circuit Court upholding the foreign judgment and ordering him to pay support was contrary to law in that it was not supported by sufficient evidence. In response, Koehler urges that pursuant to *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N.E.2d 533, and *Kniffen* v. *Courtney* (1971), 148 Ind. App. 358, 266 N.E. 2d 72, the Vanderburgh Circuit Court was required to give full faith and credit to a Wisconsin judgment of paternity.

In determining whether the judgment below was supported by sufficient evidence, we are mindful that this court neither weighs the evidence nor resolves question of credibility of witnesses, rather we look only to the evidence most favorable to the decision of the trial court, together with all reasonable inferences deducible therefrom. If, from that point of view, there is substantial evidence of probative value to establish each material element of the cause of action, the judgment must be affirmed. *Palmer* v. *Decker* (1970), 253 Ind. 593, 255 N.E.2d 797.

In a suit to enforce a foreign judgment, whether the suit is brought under the Uniform Reciprocal Enforcement of

Support Act found at IC 1971, 31-2-1-1 *et seq.* (Burns Code Ed.) or pursuant to other procedures, it cannot be disputed that the plaintiff has the initial burden of establishing the existence of the foreign judgment. This may be accomplished in various manners including admissions, an averment in the complaint which is not denied by defendant's answer, or by introducing into evidence a copy of the foreign judgment duly authenticated pursuant to IC 1971, 34-1-18-7 (Burns Code Ed.).

Examining the record, we note that a certified copy of the judgment which Koehler seeks to enforce is attached to her verified complaint. However, in his verified answer, Shane denies the judgment. Thus, the pleadings present as a material issue for trial the existence of the judgment. There being no evidence presented at trial from which the trial court could have found the judgment to exist, we are compelled to conclude that reversible error is present. Koehler's argument concerning full faith and credit is premature for the simple reason that a party seeking to enforce a foreign judgment must establish the existence of that judgment before relying on the doctrine. Having failed to present even a shred of evidence to establish the existence of the Wisconsin judgment, Koehler may not seek refuge behind the constitutional guarantee of full faith and credit.

The judgment below is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 343 N.E.2d 818.