SHERATON CORPORATION OF AMERICA *v*. KORTE PAPER COMPANY, INC.

[No. 3-276A27. Filed June 23, 1977.]

*Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* of counsel, of Fort Wayne, for appellant.

*John M. Whitmore, Jr., Nieter, Dixon & Whitmore,* of Fort Wayne, for appellee.

GARRARD, J.—This appeal presents the question of whether a party (Korte) who loses at trial and permits the judgment against it to become final can utilize the provisions of Indiana Rules of Procedure, Trial Rule 60 to be relieved from judgment solely because a subsequent decision of an appellate court in an unrelated case declared the law to be contrary to that applied by the trial court in the party's case. We hold that in the absence of additional pertinent circumstances, it may not.

The facts disclose that Korte brought suit against Sheraton on an account for goods and merchandise-furnished to the

Sheraton-Fort Wayne Motor Hotel. On April 8, 1974, after trial judgment was entered for Sheraton, Korte filed a timely motion to correct errors which was denied on August 9, 1974. No appeal was taken from that ruling.

On December 17, 1974, our opinion was handed down in *Sheraton Corp. of America* v. *Kingsford Packing Co., Inc.* (1974), 162 Ind. App. 470, 319 N.E.2d 852.[1] On April 10, 1975, Korte filed a motion seeking relief from the judgment against it pursuant to TR. 60(B)(2), and (7) and (8). The only allegation made was that in view of the *Kingsford* decision the court had erred in finding against Korte and therefore the judgment against it was no longer equitable. The trial court sustained the motion and entered judgment in favor of Korte for the amount of its claim.

To clarify the issue that ruling presents, it should first be noted that in *Kingsford* the creditor recovered judgment in the trial court. On appeal we were therefore bound to consider the evidence in the light most favorable to that decision. Under that standard of review, we concluded there was sufficient evidence to support the finding that Sheraton was equitably estopped from defeating liability on the basis of its nonownership of the hotel. There was, accordingly, a potential factual distinction between the present case and *Kingsford* based upon the evidence produced at the trials and the weight and credibility determinations available to the separate triers of fact. However, no such distinction is before us. Korte asserted an identity of facts in the two cases. This assertion was undisputed by Sheraton in the TR. 60 proceedings, its subsequent motion to correct errors, and on appeal. For purposes of this appeal Sheraton has conceded this issue. Thus, we are squarely presented with the availability of TR. 60 to change the law of this case upon the basis of a later

---

1. The pivotal point of both cases was whether Sheraton could be held for the debts of the motor hotel, which it did not own. The factual relationship between Sheraton and the hotel is set forth in the *Kingsford* decision and need not be repeated here.

decision in a different case. The only assertion made by the TR. 60 motion was that the judgment against Korte was contrary to law under the decision in *Kingsford*. That *issue* had been precisely raised in detail in Korte's original motion to correct errors.

Clearly, Korte was not entitled to relief pursuant to TR. 60(B)(2). That subsection affords relief for,

"* * * any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;" (emphasis added)

There is no allegation or contention that the ground asserted in the TR. 60 motion could not have been timely asserted in the exercise of due diligence. Indeed, it was asserted in a timely TR. 59 motion.

The only facially applicable portion of TR. 60 (B) (7) provides relief where,

. . . it is *no longer* equitable that the judgment should have prospective application;" (emphasis added)

For this provision to be invoked there must be a showing of some material *change in factual circumstance* since the entry of the original judgment. *Warner* v. *Young America Vol. Fire Dept.* (1975), 164 Ind. App. 140, 326 N.E.2d 831. No such change was established or alleged.

Thus, the only provision under which Korte might be afforded relief is that of TR. 60(B)(8),

"any other reason justifying relief from the operation of the judgment."

It has been recognized that subsection (8) is a catchall provision that should be liberally construed to allow courts to

vacate a judgment within the residual power of a court of equity to do justice. *School City of Gary* v. *Continental Electric Co., Inc.* (1973), 158 Ind. App. 132, 301 N.E.2d 803; 4 Harvey, Ind. Prac. 215, § 60.17 (1971).[2]

Even so, we are constrained to hold the subsection has no application to *this* case for the facts do not invoke the court's equity powers.[3] The facts are that the claimant sued and lost. Although it filed a motion to correct errors, it then permitted the judgment to become final. On the basis of a subsequent decision in a legally unrelated case, it now asserts it should be relieved from the judgment because had it taken the appeal it elected to forego, it presumably would have won a reversal.

Perhaps it would be a sufficient answer to say that the ground upon which Korte sought relief was clearly assertable in a motion to correct errors and was therefore cognizable under TR. 60(B)(2). It could then be concluded that TR. 60(B)(8) was unavailable to reach an allegation that properly belonged under one of the specific subsections of the rule. That is the effect of Mr. Justice Black's comment in *Klapprott* v. *U. S.* (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, quoted with approval in *School City of Gary, supra.* It was held to be the relation between subsections (7) and (8) in *Pub. Svc. Comm.* v. *Schaller* (1973), 157 Ind. App. 125, 299 N.E.2d 625.

However, because of the potential overlap existing at the outer reaches of TR. 59 and TR. 60,[4] we state an alternative ground. The provisions of TR. 60(B) do not provide a substitute for timely appeal. *York* v. *Miller* (1975), 167 Ind. App. 444, 339 N.E.2d 93; *Moe* v. *Koe* (1975),

2. The Civil Code Study Commission comments merely note that it is available where a judgment may be challenged under special statutes.

3. We do not imply the section is unavailable where *facts* exist which make it against the conscience of equity to enforce the judgment. *Compare, Ross* v. *Banta* (1894), 140 Ind. 120, 34 N.E. 865, *reh. den.* 140 Ind. 120, 39 N.E. 732.

4. *See, In re Marriage of Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153; and *Kelly* v. *Bank of Reynolds* (1976), 171 Ind. App. 515, 358 N.E.2d 146.

165 Ind. App. 98, 330 N.E.2d 761; *Warner* v. *Young America Vol. Fire Dept.*, *supra*. Where a court has jurisdiction of the parties and the case, the public policy considerations expressed in the doctrine of res judicata which favor bringing litigation to a conclusion preclude relitigation of a claim that has been finally judicially determined. That court made an error of law in deciding the case will not open its judgment to a collateral attack. *See, e.g., Martin* v. *Ben Davis Conservancy District* (1958), 238 Ind. 502, 153 N.E.2d 125. Similarly, it is only where some *additional* factual circumstances invokes the court's equity power to do justice that a party under the auspices of TR. 60 may seek relief *on equitable grounds* from a prior judgment which has become final through the failure to perfect an appeal or the completion of appellate process.

No such circumstances are present in this case. The ground urged for relief was merely the error of law available and in fact raised in the motion to correct errors. That a subsequent decision of this court in a different case recognized the reality of the error does not alter this. It merely demonstrates that had the claimant appealed he would have succeeded, assuming the allegedly identical evidence. However, Korte elected to take no appeal. When it forewent appeal it accepted the judgment and became bound by the law of the case. Since it neither asserted nor established any additional circumstances to invoke the court's equity powers to *relieve it from that finality,* the court abused its discretion in granting relief.

The judgment is reversed and remanded with instructions to reinstate the original judgment.

Hoffman, J., concurs.

Robertson, C.J. (participating by designation), concurs.

NOTE.—Reported at 363 N.E.2d 1263.