TOWN OF ST. JOHN, Indiana, et al., Appellants (Defendants Below),

v.

HOME BUILDERS ASSOCIATION OF NORTHERN INDIANA, INC., et al., Appellees (Plaintiffs Below)

and

Administrative Building Council of the State of Indiana, Appellee (Defendant Below).

No. 3–481A95.

Court of Appeals of Indiana, Third District.

Dec. 9, 1981.

Rehearing Denied Jan. 18, 1982.

---

**1300**

Michael L. Muenich, Hand, Muenich & Wilk, Hammond, for appellants.

John D. Breclaw, John D. Breclaw & Associates, Griffith, for appellees Home Builders Association of Northern Indiana, Inc., et al.

Linley E. Pearson, Atty. Gen., Deborah E. Albright, Deputy Atty. Gen., Indianapolis, for appellee Administrative Building Council of the State of Indiana.

HOFFMAN, Presiding Judge.

Appellant, Town of St. John, Indiana, et al. (Town) as representative of a class of cities and towns in Lake County, Indiana enforcing a building code for one and two family dwellings, appeals a ruling in a declaratory judgment action holding its local building code invalid. The following issues, rephrased for the purpose of clarity, are presented:

(1) whether the trial court erred by vacating its original judgment and substituting a later judgment *nunc pro tunc*;

(2) whether the trial court had subject-matter jurisdiction of this action for the reason that the plaintiffs failed to exhaust their administrative remedies;

(3) whether the Administrative Building Council has authority to enact statewide building codes for the reason that it was not organized pursuant to statutory time limits;

(4) whether local building ordinances which were more stringent than State requirements were superseded by the State code; and

(5) whether the trial court erred by denying the Town's motion to strike the Administrative Building Council's motion to reconsider.

The Home Builders Association of Northern Indiana, Inc. (Builders) filed a complaint for declaratory relief against the Town of St. John on June 2, 1978. Following dismissal, the Builders filed an amended complaint including the Indiana Administrative Building Council as a second defend-ant. The gist of the Builders' complaint was a request that the Town's local building ordinance for the construction of one and two family dwellings be declared invalid as superseded by the State code promulgated by the Administrative Building Council (ABC).

During the next two years plaintiff and defendant classes were certified and motions for summary judgment were filed by the parties. On October 30, 1980 the trial court held a hearing on the motions and made oral findings for the record. It then instructed counsel to prepare a written judgment consistent with those findings. This written order was signed by the trial court on December 29, 1980.

On the same day that the order was signed, the Town filed its motion to correct errors, which was denied on January 13, 1981. On March 11, 1981 the ABC filed a motion to reconsider asking the court to modify its December judgment, arguing that it was inconsistent with the court's October oral findings. Specifically, the ABC objected to the fact that the December written findings went far beyond the content of the October oral findings with regard to the Town's ability to enact regulations more stringent than the State code. The motion to reconsider was granted on March 19, 1981 following a hearing and the trial court entered a new written order *nunc pro tunc* to December 29. On April 7, 1981 the Town filed an amended motion to correct errors in order to address the new judgment. The amended motion was also denied and the record was then timely filed with the Clerk of this Court on April 9.

The initial challenge by the appellant in this action is a two-pronged assault on the authority of the trial court to vacate its December 29 judgment and enter a new judgment *nunc pro tunc.* The Town first argues that the trial court's action was invalid under Ind.Rules of Procedure, Trial Rule 60. The Town also contends that the action was not proper under Trial Rule 53.3. Since this Court holds that the trial judge correctly utilized TR. 60 in this case, there

is no need to address the merits of the action under TR. 53.3.

■ Trial Rule 60(A) permits the modification of a judgment for the purpose of correcting clerical errors. Modification of a judgment under TR. 60(A) may be initiated by the motion of a party or on the court's own motion. A judgment may be modified for more serious errors under part (B) of TR. 60. Trial Rule 60(B) relief, however, is not available absent the motion of a party. *State ex rel. AAFCO v. Lake Sup. Ct. et al.* (1975), 263 Ind. 233, 328 N.E.2d 733. To decide if the action taken in the present case is valid under TR. 60(B), then, one must first determine if the relief was granted on the motion of a party.

In the present case, the ABC filed what it styled a motion to reconsider. Although this was not specifically called a TR. 60 motion, its substance meets the requirements of such a motion. *See Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277 (appellate court focuses on substance rather than form of motion). The motion to reconsider alleges that the trial court made a mistake by signing the December order in that the December order does not reflect the intent of the court in its October oral findings with regard to the extent of local government authority to enact building regulations more stringent than the State code. Since it is clear that the trial court vacated its December order as a result of the ABC's motion, it could properly proceed under TR. 60(B) on the motion of a party.

■ The trial court expressly stated that the basis for its action was IC 1971, 33–1–6–3 (Burns Code Ed.) combined with the provisions of TR. 60. IC 1971, 33–1–6–3 grants a trial court the power to modify a judgment within ninety days for "good cause."[1] *Wadkins v. Thornton* (1972), 151

Ind.App. 380, 279 N.E.2d 849. "Good cause" is defined by the provisions of TR. 60(B). *Id.* For example, on the motion of a party, TR. 60(B)(1) permits relief from a judgment where a "mistake" has occurred. In *Lankenau v. Lankenau* (1977), Ind.App., 365 N.E.2d 1241, this Court found a "mistake" justifying relief under TR. 60(B)(1) where a written judgment did not conform to the trial court's obvious intent.[2] Although the trial court in *Lankenau* did not need to rewrite its entire order, the reasoning of the court on appeal is directly applicable to the present case. Here, the intent of the trial court was expressed in its October oral findings. Where the trial court later found that its December judgment did not conform to those oral findings, it was justified in vacating that judgment and substituting a new written order consistent with its oral findings. It is this type of "mistake" for which post-judgment relief might be granted under TR. 60(B)(1).

■ In its final argument under TR. 60, the Town maintains that the ABC obviated the purpose of a motion to correct errors by filing its motion to reconsider more than sixty days after the December judgment. The Town correctly observes that a TR. 60 motion cannot serve as a substitute for a properly filed motion to correct errors. *Toller v. Toller* (1978), Ind. App., 375 N.E.2d 263. This rule of law is based on the interest of finality in matters of litigation. *Sheraton Corp. v. Korte Paper Co., Inc.* (1977), 173 Ind.App. 407, 363 N.E.2d 1263. Thus, where a trial court commits errors of law and a party neglects to take advantage of its appellate opportunities, the judgment is not open to collateral attack. *Id.* Post-judgment relief under TR. 60(B) is only available where some additional fact is present which leads a trial court to invoke its equitable powers to do justice. *Id.* at 412, 363 N.E.2d at 1265.

1. This power is similar to that possessed by the trial court prior to the abolition of terms of court. During the term the trial court had full power to correct, modify or vacate judgments for good cause. *State, ex rel., v. Superior Court of Marion County* (1931), 202 Ind. 456, 174 N.E. 732.

2. In *Lankenau* the trial court intended that certain alimony payments would qualify for a federal tax deduction. In order to do so they would have had to been paid in 521 installments although the judgment only required 520 payments. Judgment *nunc pro tunc* was entered for 521 installments.

■ In the case at hand, the ABC's failure to file a timely motion to correct errors is not fatal. There was an additional factor present permitting TR. 60(B) relief where the trial court made a mistake by signing a written judgment which was not consistent with its oral findings. Furthermore, the Town has failed to show this Court how it was prejudiced by the fact that the ABC did not file a timely motion to correct errors. The Town filed a second motion to correct errors after the trial court modified its December judgment. The Town timely filed a praecipe following the denial of its amended motion to correct errors and also filed the record of proceedings with this Court. Moreover, the Town obtained two extensions of time in which to file its brief and was able to address the validity of the trial court's TR. 60 action in great detail. In light of these factors, the trial court's modification of its December judgment pursuant to the motion of the ABC must be upheld.

■ The next issue presented here is whether the trial court had jurisdiction over the instant case in that the plaintiff Builders failed to exhaust their administrative remedies. The Town argues that the act creating the ABC provides that its adjudication procedures are governed by the Administrative Adjudication Act,[3] see IC 1971, 22–11–1–20 (Burns Code Ed.), and that the Builders failed to allege that they complied with these procedures. The Town also contends that the Builders did not follow the course set down in IC 1971, 22–11–1–21.5:

"Any party to a final action of the local governing unit specified in section 19 [22–11–1–19] and charged with the function of plan review and enforcement concerning one [1] and two [2] family residences may within thirty [30] days thereafter appeal to the executive committee of the

administrative building council by submitting a petition stating pertinent provisions and grounds for appeal. A copy shall be delivered by the petitioner to the local governing unit. Upon request of the petitioner, the executive committee shall hold a hearing according to the provisions of section 21 [22–11–1–21]. After such hearing the executive committee shall revoke, modify or affirm the decisions of the local governing unit."

The plaintiffs were not required to exhaust their administrative remedies. Indiana courts hold that administrative remedies need not be exhausted where a party attacks the validity of an ordinance in its entirety. *Indiana Toll Rd. Comm. v. Jankovich et al.* (1963), 244 Ind. 574, 193 N.E.2d 237 *appeal dismissed*, 379 U.S. 487, 85 S.Ct. 493, 13 L.Ed.2d 439; *State ex rel. City of S. Bend v. St. Jos. Sup. Ct., etc.* (1958), 238 Ind. 88, 148 N.E.2d 558; *Indiana Environmental v. Indiana-Kentucky Elec.* (1979), Ind.App., 393 N.E.2d 213. The gist of the complaint in the case at hand is a request that the Town's building ordinance be declared invalid in its entirety. A declaratory judgment action is the proper method whereby such a result may be obtained. *See* IC 1971, 34–4–10–2.[4]

The administrative remedies suggested by the Town are also not applicable to a case such as this. The Administrative Adjudication Act applies to "administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons . . . ." IC 1971, 4–22–1–2. This case involves the validity of certain local building ordinances as a whole and not just as they are applied to particular persons. The process outlined in IC 1971, 22–11–1–21.5 refers to a "final action of the local governing unit . . . charged with the function of *plan* review." (Emphasis added.) This section refers to enforcement of

3. IC 1971, 4–22–1–1 et seq. (Burns Code Ed.).

4. The text of section 34–4–10–2 (Burns Code Ed.) reads:

"Any person interested under a deed, will, written contract or other writings constituting a contract, *or whose rights, status or other legal relations are affected by a* statute,

municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights status or other legal relations thereunder." (Emphasis added.)

ABC regulations with regard to specific building plans. *See* IC 1971, 22–11–1–12 (1980 Burns Supp.) and 22–11–1–12.5 (Burns Code Ed.). Again, this case does not concern such a specific situation, but rather it deals with the validity of local ordinances as a whole. Consequently, a declaratory judgment action was proper in this suit and there was no need for the Builders to exhaust their administrative remedies.

The third issue assigned by the Town is whether the building standards promulgated by the ABC are null and void because of failure to conform to certain procedural requirements. The Town maintains that certain statutory deadlines are provided as to when members of the ABC were to be appointed and when regulations were to be enacted. *See, e.g.,* IC 1971, 22–11–1–5; 22–11–1–6; and 22–11–1–32. It argues that these time limits were not met and therefore any subsequent actions of the ABC are invalid. Assuming, *arguendo,* that some of these deadlines were not met, the Town can succeed in its argument only if the deadlines are found to be mandatory.

■ Indiana has long recognized a distinction between mandatory and directory statutes. *See The Trustees of The Wabash and Erie Canal v. The State* (1855), 7 Ind. 180. The distinction is that whereas violation of mandatory provisions are fatal to an action, breach of a directory statute is not. *Allen Co. Dept. of Pub. Welfare v. Ball Mem. Hosp.* (1969), 253 Ind. 179, 252 N.E.2d 424. In some cases, the basis for the distinction between a mandatory and a directory statute may lie in the use of words such as "shall" or "may." *See City of Indianapolis v. Ingram* (1978), Ind.App., 377 N.E.2d 877. Nevertheless, this is only the general rule and in some cases "shall" is read to have the directory meaning of "may" where a mandatory meaning would defeat the intent of the Legislature. *Wysong v. Automobile Underwriters, Inc.* (1933), 204 Ind. 493, 184 N.E. 783. The Indiana Supreme Court has supplied a test for determining whether a statute is mandatory or directory:

"All laws are mandatory in the sense that a duty of obedience is imposed, but it does not follow that every slight departure is fatal where the act is merely procedural and does not go to the merits. The basic test, we believe, to determine whether the requirement is essential or not, is to consider the consequences of the failure to follow the statute and, in this regard, other possible interpretations." 253 Ind. at 185, 252 N.E.2d at 428.

■ In the statutes cited above which outline several time limits, the word "shall" is used. Use of this word, however, cannot alone make the deadlines mandatory. The time requirements are merely procedural and the Town has not attempted to prove how these time requirements are important to the substance of the statutes. Furthermore, it is possible that strict adherence to these time limits might remove the basis on which the ABC's authority rests and thereby invalidate the many actions taken by the ABC including establishment of State building codes. This result is not only absurd, but also serves to defeat the legislative intent to encourage uniform State building regulations. It is also important to note that the Legislature did not provide alternative methods of enacting a State building code should its time limits not be met, nor did it express its desire for the existence of the ABC to be invalid if that occurred. *See, e.g., Good v. Western Pulaski County Sch. Corp.* (1965), 139 Ind.App. 567, 210 N.E.2d 100 (statute provided that if county commission failed to act within certain specified deadlines, jurisdiction of local school district reorganization plan would reside in State commission). Consequently, this Court concludes that the various time limits for ABC action at issue in this case are directory and not mandatory and the existence of both the ABC and the State building codes are valid.

■ The next issue is whether local building regulations which pre-dated and were more stringent than the State code were superseded by that code. The Town points out that IC 1971, 22–11–1–19 permits local authorities to enact regulations which

are more detailed and more stringent than the State code as long as they do not conflict with the State code. The Town urges that only those local ordinances which are *less* stringent than the State code would "conflict" with that code. Therefore, the Town contends that local authorities have an absolute right to enact ordinances which are *more* strict than the State code and that local ordinances which pre-date and are stricter than the State regulations are not superseded by those regulations. The appellant apparently concedes that local ordinances enacted after the State code must be submitted to the ABC for approval pursuant to IC 1971, 22–11–1–32. However, the Town argues that automatic approval of stricter local ordinances is implied by its absolute right to enact ordinances which are more stringent than the State code.

The relevant portion of IC 1971, 22–11–1–19 reads as follows:

> "With the rules and regulations issued by the administrative building council as a basis, city ordinances may go more into detail if desired, or may contain more stringent requirements, Provided the same do not *conflict* with any rule or order of the administrative building council, except as hereinafter provided." (Emphasis added.)

This section is consistent with Indiana law which recognizes that, where the State does not operate in a particular area exclusively, localities may supplement the burdens imposed by the Legislature if the additional burdens do not conflict with the statutory purpose. *City of Indpls. v. Sablica* (1976), 264 Ind. 271, 342 N.E.2d 853; *Board of Public Safety v. State, etc.* (1979), Ind.App., 388 N.E.2d 582. From the language of section 22–11–1–19 and the case law cited, this Court must conclude that the word "conflict" used in section 19 does not refer only to local ordinances which are less stringent than the State code. Certainly it is conceivable that a local ordinance which is more stringent than the State code may still conflict with the purpose of that code to provide uniformity in state building regulations. *See* IC 1971, 22–11–1–2 (1980 Burns Supp.). Such an ordinance may, for example, prohibit what the State expressly permits. *See Bd. of Publ. Safety, supra,* 388 N.E.2d at 585. In order to avoid such a conflict, the Legislature provided that all local codes must be submitted to the ABC for approval prior to their enactment. IC 1971, 22–11–1–32. This includes all local codes which pre-date the State building code, for it was the intent of the Legislature in enacting the ABC Act to supersede those local codes. *Suburban Homes Corp. v. City of Hobart* (1980), Ind.App., 411 N.E.2d 169. In this respect, there is no express exception for local codes which are more stringent and not in conflict with the State code. It is within the authority of the ABC to decide if a given local building regulation is in fact more stringent than the State code *and* whether it conflicts with that code. The trial court correctly held that the local ordinances of members of the appellant class which have not been offered to the ABC for prior approval are null and void.

The final issue is whether the trial court erred by denying the Town's motion to strike the ABC's motion to reconsider. Since this Court has held that the trial court acted correctly by granting the motion to reconsider, this issue need not be addressed.

Affirmed.

GARRARD and STATON, JJ., concur.