**D. L. M., Respondent-Appellant,**

v.

**V. E. M., Petitioner-Appellee.**

**No. 1–981A290.**

Court of Appeals of Indiana,
First District.

Aug. 17, 1982.

Thomas J. O'Brien, Lind, Deckard & O'Brien, Danville, for respondent-appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for petitioner-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

The petitioner-appellee brought this action under the Uniform Reciprocal Enforcement of Support Act against her ex-husband, the respondent-appellant. The petitioner sought arrearages plus current child support for her daughter. The Hendricks Circuit Court awarded arrearages plus current support and educational expenses. The respondent contends that principles of *res judicata* required dismissal of this action.

We reverse.

### STATEMENT OF THE FACTS

The petitioner filed her "Complaint for Divorce" against the respondent on April 18, 1961, in the Vermillion Circuit Court of Illinois. At that time both parties resided in Illinois. The petitioner's complaint alleged that two children were born of the marriage. The respondent failed to make any appearance, and on May 26, 1961, the court entered a decree of divorce. The decree stated that the marriage had produc-

ed two children (these two are now emancipated) and that the petitioner was pregnant with a third of whom the respondent was the father. On February 19, 1962, the court issued an order modifying the decree. The order stated that the respondent was present in court and that after hearing evidence the court found that the child born to the petitioner on January 12, 1962, was the respondent's daughter. Accordingly, the court awarded the petitioner medical expenses and child support.

Between 1966 and 1976 the petitioner instituted several proceedings to enforce support, and on January 12, 1976, a petition for reciprocal support was evidently filed in Hendricks Circuit Court in Indiana. The respondent filed a motion for summary judgment, and after a hearing on December 23, 1976, the court granted his motion, stating:

> "Comes petitioner by Seth B. Lewis, Prosecuting Attorney; comes also respondent by his attorney Thomas J. O'Brien. The Court hears defendant motion for summary judgment and being advised finds that the minor child ... was born after the divorce of petitioner and respondent and is not the child of [D.L.M.], and motion for summary judgment is now granted and petition[er] ordered to pay costs herein."

On January 10, 1977, the court denied the petitioner's motion to reconsider stating:

> "Petitioner files motion to reconsider: (H.I.). Court examines motion and exhibits attached and finds that Divorce was granted on May 26, 1961, and that petition[er] gave birth to third child on January 12, 1962, and therefore petitioner had to know at time of divorce that she was pregnant, and having remained silent, cannot successfully charge respondent with being the father of said child without notice and hearing thereon, and motion to reconsider is denied."

The petitioner did not file a motion to correct errors.

On May 7, 1979, the petitioner commenced this second action in Hendricks Circuit Court under the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.), Ind.Code 31–2–1–1 et seq.[1] Apparently a new judge had taken office since the first Hendricks County suit. The respondent filed a motion to dismiss based on Ind.Rules of Procedure, Trial Rules 12(B)(1), (2), (6), and (8) in which he asserted the defense of res judicata; a memorandum and a certified copy of the earlier Hendricks County judgment accompanied the motion. The petitioner filed a response to this motion, and the court set it for a hearing, electing sua sponte to treat the proceedings as a hearing on a motion for relief from judgment under Ind.Rules of Procedure, Trial Rule 60(B). After holding additional hearings on this issue, the court denied the respondent's motion to dismiss, but did not specifically grant relief under T.R. 60(B).

Following a trial on the merits in which both parties testified, the court made the following award of child support: arrearages totaling $4,360, current support of $30 per week, and educational expenses of up to $1,000 per year until the child reaches the age of 21 (she was 19 when this order was issued).

### ISSUES

Respondent raises the following issues:

I. Whether the doctrine of res judicata required that the Petition for Reciprocal Support filed May 7, 1979, be dismissed;

II. Whether respondent's duty of support was to be determined under the law of the State of Illinois or the State of Indiana in an action seeking child support filed pursuant to the Uniform Reciprocal Enforcement of Support Act;

III. Whether the fact that the child for whom support was sought had reached the age of nineteen at the

---

1. The Illinois version of U.R.E.S.A. can be found at Ill.Rev.Stat. 1969, ch. 40, par. 1201 et seq.

time of the trial deprived the court of jurisdiction to decide the case;

IV. Whether the fact that the child did not appear and testify at the trial deprived the court of jurisdiction to decide the case;

V. Whether the Illinois decrees establishing that respondent was the child's father were entitled to full faith and credit;

VI. Whether the court was required to determine its subject matter jurisdiction under the Uniform Child Custody Jurisdiction Law before deciding this case; and

VII. Whether the court erred in ordering respondent to pay certain of the child's educational expenses.

Because the first issue requires reversal of this case, we need not reach the remaining six.

## DISCUSSION AND DECISION

■ The respondent's motion to dismiss under T.R. 12(B)(6) should have been treated as T.R. 56 motion for summary judgment as required by T.R. 12(B)(8). *Indiana & Michigan Electric Company v. City of Anderson,* (1978) 176 Ind.App. 410, 376 N.E.2d 114; *United Farm Bureau Family Life Insurance Company v. Fultz,* (1978) 176 Ind.App. 217, 375 N.E.2d 601.

■ We will therefore review the action of the trial court as we would the denial of a motion for summary judgment; we must determine whether there was any genuine issue of material fact and whether the law was correctly applied. *County of Ventura v. Neice,* (1982) Ind.App., 434 N.E.2d 907; *Campbell v. Eli Lilly and Company,* (1980) Ind.App., 413 N.E.2d 1054. The essential facts of this case are not in dispute, and the pivotal question of law is the validity of the prior judgment of the Hendricks Circuit Court. If that judgment is valid, *res judicata* should have prevented the parties from relitigating such issues as support, paternity, and full faith and credit.

■ This case concerns the branch of *res judicata* known as "estoppel by judg-ment" or "claim preclusion" which holds that the prior adjudication of a cause of action is a bar to future litigation of that claim. When a party relies on *res judicata,* he must prove that the cause of action has been finally determined on the merits between the same parties by a court of competent jurisdiction. *Town of Flora v. Indiana Service Corporation,* (1944) 222 Ind. 253, 53 N.E.2d 161; *see State of Indiana v. Speidel,* (1979) Ind.App., 392 N.E.2d 1172.

■ Article IV, § 1 of the United States Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . ."

The statute implementing this provision is 28 U.S.C. § 1738. The United States Supreme Court has interpreted full faith and credit to require,

" . . . every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. 'By the Constitutional provision for full faith and credit, the local doctrines of *res judicata,* speaking generally, become a part of national jurisprudence, and therefore federal questions. . . .' *Riley v. New York Trust Co.,* 315 U.S. 343, 349 [62 S.Ct. 608, 612, 86 L.Ed. 885]."

*Durfee v. Duke,* (1963) 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186; *see Sherrer v. Sherrer,* (1948) 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429. Therefore, under both *res judicata* and full faith and credit, the party seeking to take advantage of the doctrine has the burden of proving the prior judgment. *See Hudson v. Tyson,* (1980) Ind.App., 404 N.E.2d 636; *Shane v. Koehler,* (1976) 168 Ind.App. 552, 343 N.E.2d 818.

■ In the case at bar, the petitioner argues that the first Hendricks judgment is void for lack of subject matter jurisdiction. A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time. *Board of Trustees of Town (Now City) of New Haven v. City of Fort Wayne,* (1978) 268 Ind. 415, 375

N.E.2d 1112; *Warner v. Young America Volunteer Fire Department*, (1975) 164 Ind. App. 140, 326 N.E.2d 831. If a tribunal has power to determine cases of the general class to which a particular case belongs, it has subject matter jurisdiction to consider a particular case in that class, absent a specific, timely objection to its jurisdiction of the particular case. *New Haven, supra.* The judgment of a court without jurisdiction of the particular case is not void; such jurisdiction is waived if not attacked by timely objection and direct appeal. *New Haven, supra; Piskorowski v. Shell Oil Company*, (1980) Ind.App., 403 N.E.2d 838. Personal jurisdiction can also be waived when a party seeks affirmative relief or fails to make a timely objection. *Killearn Properties Inc. v. Lambright*, (1978) 176 Ind.App. 684, 377 N.E.2d 417.

 Mere errors of law do not deprive a court of its jurisdiction or open its judgment to collateral attack; such are *voidable*, not void, and can only be corrected by direct appeal. *Sheraton Corporation of America v. Korte Paper Company, Inc.*, (1977) 173 Ind.App. 407, 363 N.E.2d 1263. *See State ex rel. Townsend v. Tipton Circuit Court*, (1961) 242 Ind. 226, 177 N.E.2d 590; *Krick v. Farmers and Merchants Bank of Boswell*, (1972) 151 Ind.App. 7, 279 N.E.2d 254. As our Supreme Court wrote in *J. I. Case Company v. Sandefur*, (1964) 245 Ind. 213, 217–218, 197 N.E.2d 519:

"Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of 'jurisdiction' and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this court."

The petitioner raises three arguments attacking the jurisdiction of the Hendricks court in the earlier case, two of which are based on U.R.E.S.A. First, the petitioner cites Ind.Code 31–2–1–30 (Supp.1981):

"Jurisdiction; other proceedings

. . . Participation in any proceeding under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding."

She argues that this section deprived the Hendricks court of jurisdiction to find that her daughter was not the respondent's child and asserts that a responding court has no jurisdiction to determine any issue but support.

 This argument fails because section 30 is obviously not addressed to subject matter jurisdiction; it refers only to personal jurisdiction. Furthermore, U.R.E.S.A. requires no pre-existing judicial determination of support, *see* Ind.Code 31–2–1–2(f) (Supp.1981), and where there has been no such determination, the issue may be litigated in the responding state. *See Johnson v. Ross*, (1980) Ind.App., 405 N.E.2d 569. In this case it is clear that the Hendricks Circuit Court had jurisdiction to hear U.R.E.S.A. actions, Ind.Code 31–2–1–10, and paternity actions. Ind.Code 33–12–3–1 (Supp. 1981), 33–5–25–5(b) (Supp.1981), 31–6–2–1 (Supp.1981). Under U.R.E.S.A. the responding court is required to find a duty of support. Ind.Code 31–2–1–23 (Supp.1981). Generally, the support order of the initiating state is sufficient for this purpose; however, the obligor is permitted to assert any defense available to him in an action on a foreign judgment. Ind.Code 31–2–1–36. If the responding court then finds that the foreign judgment is not entitled to full faith and credit or did not dispose of the issue of duty to support, it may reach the merits of that issue. *See generally, Johnson, supra.* At that stage the respondent's paternity of the child could be determined. Evidently, in the first proceedings before the Hendricks court, the issue of paternity was reached in this manner. Any error committed by the Hendricks court in those proceedings could only have been corrected by direct appeal. *See Sheraton, supra; Krick, supra.*

 Next the petitioner cites Ind. Code 31–2–1–29:

"Orders of support; superseding other orders

... No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

She argues that this section also deprived the Hendricks court of jurisdiction in the first proceedings because the court's finding that the daughter was not the respondent's child superseded the prior Illinois support order. This section has been interpreted to mean that the initiating state is not required to grant full faith and credit to the support orders of a responding state when the initiating state considers a subsequent petition for modification or calculates arrearages due under the divorce decree. *Banton v. Mathers*, (1974) 159 Ind.App. 634, 309 N.E.2d 167; *see also, Kniffen v. Courtney*, (1971) 148 Ind.App. 358, 266 N.E.2d 72. Support orders of an initiating state can be modified in this state upon proper showing. *Kniffen, supra.* However, such modifications do not supersede the original order in proceedings before the initiating court. *Kniffen, supra.* Section 29 did not deprive the Hendricks court of jurisdiction to render the first judgment.

Finally the petitioner argues that the Illinois determination of paternity was entitled to full faith and credit, and therefore, the Hendricks court lacked jurisdiction to determine the paternity issue. The operation and effect of a judgment are purely matters of law. *Brindle v. Anglin*, (1973) 156 Ind.App. 219, 295 N.E.2d 860. The Hendricks court may have erred in failing to accord full faith and credit to the Illinois order. Nevertheless, this would be a mere error of law which would not deprive that court of subject matter jurisdiction. *See Sheraton, supra; Krick, supra; Townsend, supra.*

Alternatively, the petitioner argues that even if the Hendricks court had jurisdiction in the first proceedings, the Hendricks court had the authority to grant relief from the first judgment under T.R. 60(B)(6), (7), or (8). This argument is not persuasive for two reasons. First, the trial court granted no relief under T.R. 60(B), and the petitioner did not object to its failure to rule on her motion. We reject the petitioner's suggestion that we construe the court's ruling as granting relief under T.R. 60(B), because such a construction would not support the validity of the judgment. *See generally, Jos. Schlitz Brewing Company v. Central Beverage Co., Inc.,* (1977) 172 Ind.App. 81, 359 N.E.2d 566; *Schmidt Enterprises, Inc. v. State,* (1976) 170 Ind.App. 628, 354 N.E.2d 247. The issue of the validity of the first Hendricks judgment was decided pursuant to a motion to dismiss, in actuality a motion for summary judgment, which raised the defense of *res judicata.* This was sufficient to place the jurisdiction of the Hendricks court over the earlier proceedings in issue, and a T.R. 60(B) motion was neither necessary nor appropriate. If grounds existed, such a motion should have been filed before the filing of a second petition in the Hendricks court.

Second, even if T.R. 60(B) had been a proper part of this case, the petitioner would not have been entitled to relief. We have already decided that the first Hendricks judgment was not void; therefore, T.R. 60(B)(6) does not apply. The petitioner has not demonstrated any change of factual circumstances as is required for relief under T.R. 60(B)(7). *See Sheraton, supra; Warner, supra.* Nor has she shown that extraordinary relief under T.R. 60(B)(8) is justified due to any exceptional circumstances in this case. *See Sheraton, supra; Warner, supra.* All of the arguments advanced to support the petitioner's right to relief under T.R. 60(B) could have been made in a timely motion to correct errors, and she may not use T.R. 60(B) as a substitute for appeal. *Toller v. Toller,* (1978) 176 Ind.App. 322, 375 N.E.2d 263; *Warner, supra.*

For the reasons given above we hold that the court erred in denying the respondent's motion for summary judgment for the reason that the petitioner's second U.R.E.S.A. action was barred by *res judicata.* The

judgment is reversed and the trial court is ordered to enter judgment for the respondent.

Reversed.

ROBERTSON, J., concurs.

RATLIFF, P. J., concurs with opinion.

RATLIFF, Presiding Judge, concurring.

I reluctantly concur in the majority opinion although I abhor the severity of the result reached. Nevertheless, I find the majority opinion technically correct and the applicable rules of law properly applied. The 1976 summary judgment entered by the Hendricks Circuit Court was not void. At most, it was simply wrong. Whether the petitioner properly presented the Illinois decree to the Hendricks Circuit Court in 1976 is not revealed here. If that 1976 judgment was erroneous, it was appealable. Having failed to exercise her appellate rights, petitioner cannot now challenge the judgment. That the result seems harsh does not permit us to disregard established principles of *res judicata* and finality of judgments. It was petitioner's responsibility to present the Illinois judgment to the Hendricks Circuit Court and to appeal the judgment of that court if erroneous. She did not. That judgment is final and binding upon us.