**Reciprocal Support Petition of Roxanna GRUSH, Appellant (Petitioner Below),**

v.

**David MULLINS, Appellee (Respondent Below).**

No. 46A03–8610–CV–302.

Court of Appeals of Indiana, Third District.

April 27, 1987.

---

Linley E. Pearson, Atty. Gen., Patricia K. Slater, Deputy Atty. Gen., Indianapolis, for appellant.

HOFFMAN, Judge.

This appeal is taken from the LaPorte County Circuit Court's dismissal of the Reciprocal Support Petition of Roxanna Grush. The sole allegation of error presented to this Court is as follows:

The trial court erred, as a matter of law, in ruling that it had no subject-matter jurisdiction to determine the paternity of a child within the context of a Uniform Reciprocal Enforcement of Support Act petition absent a previous judicial determination of paternity or the execution of an affidavit of legitimation.

Appellant Roxanna Grush (Grush) resides in Titusville, Brevard County, Florida. Grush's son was born in 1982 and Grush has custody. The Department of Health and Rehabilitative Services, State of Florida, individually and on behalf of Roxanna Grush, filed a Uniform Reciprocal Support action in the Circuit Court of Brevard County, Florida. In her petition Grush alleges that David Mullins (Mullins) is the father of her child, has admitted paternity, but has paid no support on behalf of the child. The Brevard Circuit Court judge certified that the petition set forth facts from which it could be determined that Mullins owed a duty of support, and that jurisdiction of Mullins could be obtained by the Clerk of the LaPorte Circuit Court. The court ordered that the petition should then be transmitted to LaPorte County, the county of Mullins' residence. Pursuant to the Uniform Reciprocal Enforcement of Support Act, IND. CODE §§ 31-2-1-1 *et seq.* (1982), and 31-2-1-12, a LaPorte County deputy prosecutor filed Roxanna Grush's petition within the Act in LaPorte County Circuit Court. The trial court dismissed the petition, finding that the determination of paternity and thus a duty to support could not be made in proceedings under the Uniform Reciprocal Enforcement of Support Act.

Though Indiana's version of the Uniform Reciprocal Enforcement of Support Act as contained in IND. CODE § 31-2-1-1 *et seq.* does not explicitly allow for the determination of paternity in proceedings under the Act, this Court has given its approval to the determination of paternity, when it is in issue, by trial courts entertaining petitions filed under the Act:

"Furthermore, U.R.E.S.A. requires no pre-existing judicial determination of support, see Ind.Code 31-2-1-2(f) (Supp. 1981), and where there has been no such determination, the issue may be litigated in the responding state. *See Johnson v. Ross,* (1980) Ind.App., 405 N.E.2d 569. In this case it is clear that the Hendricks Circuit Court had jurisdiction to hear U.R.E.S.A. actions, Ind.Code 31-2-1-10, and paternity actions. Ind.Code 33-12-3-1 (Supp.1981), 33-5-25-5(b) (Supp. 1981), 31-6-2-1 (Supp.1981). Under U.R.E.S.A. the responding court is required to find a duty of support. Ind.Code 31-2-1-23 (Supp.1981). Generally, the support order of the initiating state is sufficient for this purpose; however, the obligor is permitted to assert any defense available to him in an action on a foreign judgment. Ind.Code 31-2-1-36. If the responding court then finds that the foreign judgment is not entitled to full faith and credit or did not dispose of the issue of duty to support, it may reach the merits of that issue. *See generally, Johnson, supra.* At that stage the respondent's paternity of the child could be determined."

*D.L.M. v. V.E.M.* (1982), Ind.App., 438 N.E.2d 1023, 1028.

Allowing the determination of paternity in U.R.E.S.A. proceedings is consistent with this Court's recognition in *Johnson v. Ross* (1980), Ind.App., 405 N.E.2d 569, 572, *transfer denied,* that an action under the Act does not require a pre-existing determination of support duty. If the court responding to the U.R.E.S.A. petition filed in another jurisdiction is thus able to make its own finding of a duty to support, *see* IND. CODE § 31-2-1-2(f), it follows that that responding court should be able to determine paternity if paternity is at issue in the petition's claim of a duty to support. It

should further be noted that circuit courts do have subject-matter jurisdiction to hear proceedings concerning paternity of a child. *See*, IND. CODE §§ 31–6–2–1(3) (1986 Supp.) and 33–12–3–1 (1982). Dismissing a U.R.E.S.A. petition from circuit court, in order that an original paternity proceeding that can be held in that same court can be filed and adjudicated and then another U.R.E.S.A. petition can be filed in the same court again, is a procedure that protects the rights of no party and flies in the face of the notion of judicial economy.

For the foregoing reasons, the trial court's dismissal of the Uniform Reciprocal Support Enforcement Act petition of Roxanna Grush is reversed and this cause is remanded for proceedings consistent with this decision.

Reversed and remanded.

STATON and ROBERTSON, JJ., concur.