STATE of Indiana for the VERMONT DEPARTMENT OF SOCIAL WELFARE, on Behalf of Diana PACKARD, State of Indiana for Allegheny County and Heidi Bell, Appellants,

v.

James CARGILE, Scott Barenfanger, Appellees.

No. 82A01–8811–CV–381.

Court of Appeals of Indiana, First District.

April 26, 1989.

Rehearing Denied June 13, 1989.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellants.

Mary Jane Humphrey, Evansville, for appellees.

## STATEMENT OF THE CASE

NEAL, Judge.

Appellants bring this appeal from the judgment entered in the Vanderburg Circuit Court dismissing two Uniform Reciprocal Enforcement of Support Act (URESA) petitions for lack of subject matter jurisdiction.

We reverse.

## STATEMENT OF THE FACTS

Two identical cases are involved here and are appealed together. In the Packard case, the State of Vermont, without any prior determination of paternity, certified to the Vanderburgh Circuit Court a URESA petition asking for a support order for an illegitimate child against James Cargile, the alleged father. Similarly, in the Bell case, the State of Pennsylvania, without having made any prior determination of paternity, certified to the Vanderburgh Circuit Court its URESA petition asking for a support order for an illegitimate child against Scott Barenfanger, the alleged father. The trial judge dismissed both petitions for lack of subject matter jurisdiction.

## ISSUE

The sole question on appeal is whether the Vanderburgh Circuit Court has jurisdiction to determine paternity as a part of a URESA proceeding seeking support of an illegitimate child where paternity is an issue and had never been established between the parties.

## DISCUSSION AND DECISION

The appellees, Cargile and Barenfanger, argue that exclusive jurisdiction to determine paternity exists in the juvenile court. IND. CODE 31–6–2–1. Jurisdiction of a URESA action lies with the circuit court. IND. CODE 31–2–1–10. That until such time as paternity has been properly established, no duty for support arises under IND. CODE 31–2–1–23. The Circuit Court, having no jurisdiction to determine paternity, therefore has no jurisdiction to determine the URESA petition.

We are of the opinion that the issue here was determined in *Grush v. Mullins* (1987), Ind.App., 506 N.E.2d 1109. There, a URESA petition for the support of an illegitimate child whose paternity had not been established was certified by the State of Florida to the LaPorte Circuit Court. The petition alleged that the defendant had admitted paternity. The LaPorte Circuit Court dismissed the petition for lack of subject matter jurisdiction because there had been no previous judicial determination of paternity or other proceedings which legitimized the child. The court of appeals reversed and held that the LaPorte Circuit Court had jurisdiction to determine paternity as part of the determination of the URESA petition. The court stated:

Allowing the determination of paternity in U.R.E.S.A. proceedings is consistent with this Court's recognition in *Johnson v. Ross* (1980), Ind.App., 405 N.E.2d 569, 572, *transfer denied,* that an action under the Act does not require a pre-existing determination of support duty. If the court responding to the U.R.E.S.A. petition filed in another jurisdiction is thus able to make its own finding of a duty to support, *see* IND. CODE § 31–2–1–2(f), it follows that that responding court should be able to determine paternity if paternity is at issue in the petition's claim of a duty to support. It should further be noted that circuit courts do have subject-matter jurisdiction to hear proceedings concerning paternity of a child. *See,* IND. CODE §§ 31–6–2–1(3) (1986) Supp.) and 33–12–3–1 (1982). Dismissing a U.R.E.S.A. petition from circuit court, in order that an original paternity proceeding that can be held in that same court can be filed and adjudicated and then another U.R.E.S.A. petition can be filed in the same court again, is a procedure that protects the rights of no party and flies in the face of the notion of judicial economy.

For the foregoing reasons, the trial court's dismissal of the Uniform Reciprocal Support Enforcement Act petition of Roxanna Grush is reversed and this

cause is remanded for proceedings consistent with this decision.

506 N.E.2d at 1110–11.

Cargile and Barenfanger attempt to distinguish *Grush* on the basis that the petition in *Grush* alleged that paternity had been admitted. Our reading of the case leads us to conclude that the decision was not made on those narrow grounds. It flatly held that if paternity was an issue, the responding circuit court could determine it.

For the above reasons, this cause is reversed, and the trial court is directed to determine the two cases on the merits not inconsistent with this opinion.

Judgment reversed.

ROBERTSON and HOFFMAN, JJ. concur.