**William T. ONDO, Appellant–Respondent,**

v.

**Mary Bonnie KEMPER,**
**Appellee–Petitioner.**

No. 64A03–9606–CV–222.

Court of Appeals of Indiana.

Feb. 19, 1998.

John W. Peters, Portage, for Appellant–Respondent.

Alicia J. McClean, Valparaiso, for Appellee–Petitioner.

## OPINION

STATON, Judge.

William T. Ondo appeals the Porter Superior Court's determination that he owes child support arrearages, in contravention of a previous determination by the Lake County Circuit Court that his child support arrearages had been satisfied. Ondo presents two issues on appeal:

I. Whether res judicata prevents the Porter Superior Court from relitigating a matter decided in a final decision of the Lake County Circuit Court.

II. Whether attorney's fees can be awarded for an action under the Uniform Reciprocal Enforcement of Support Act.

We reverse.

Ondo divorced Mary Bonnie Kemper in 1982 in Texas. In 1985 Ondo lived in Lake County, Indiana, and Kemper sought enforcement of a Texas child support order in the Lake County Circuit Court through the Uniform Reciprocal Enforcement of Support Act. Over the next six years Ondo continued to live in Lake County and the Lake County Circuit Court issued orders with respect to Ondo's child support obligation, ordering Ondo to pay support in 1985, finding Ondo in arrears in 1989, and eventually finding that Ondo had satisfied the arrears in 1991. Kemper testified that she was aware of these orders, knew that she could appeal them, but decided not to appeal them. Record at 269–70.

Then in 1992 Ondo moved to Porter County, Indiana, and Kemper filed an URESA action in the Porter Superior Court seeking child support arrearages dating from 1982. In 1995 the Porter Superior Court ruled that the Lake County Circuit Court had lacked subject matter jurisdiction in modifying the Texas child support order in its various rulings over the years. Modifications had stemmed from Ondo's children coming to live with him and the children reaching the age of majority. Finding that the Lake County Circuit Court lacked subject matter jurisdiction, the Porter Superior Court issued its own ruling ordering Ondo to pay arrearages calculated from 1982 to 1993, the year that the couple's last child was emancipated. In addition, the Porter County Court ordered Ondo to pay Kemper's attorney's fees.

### I.

#### Res Judicata

At issue in this case is the branch of res judicata known as "estoppel by judgment" or "claim preclusion" which holds that the prior adjudication of a cause of action is a bar to future litigation of that claim. *D.L.M. v. V.E.M.*, 438 N.E.2d 1023, 1027 (Ind.Ct. App.1982). Res judicata precludes re-litigation of a cause of action that has been finally determined on its merits between the same parties by a court of competent jurisdiction. *Id.* A judgment entered by a court lacking subject matter jurisdiction is void and may be collaterally attacked. *Id.* However, "[m]ere errors of law do not deprive a court of its jurisdiction or open its judgment to collateral attack; such are voidable, not void, and can only be corrected by direct appeal." *Id.* at 1028.

In examining subject matter jurisdiction, "[i]f a tribunal has power to determine cases of the general class to which a particular case belongs, it has subject matter jurisdiction to consider a particular case in that class...." *Id.* at 1028. "'Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of "jurisdiction" and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack....'" *Id.* at 1028 (quoting *J.I. Case Company v. Sandefur*, 245 Ind. 213, 217–18, 197 N.E.2d 519 (1964)).

It has been clearly determined that Indiana courts administering URESA have subject matter jurisdiction to handle issues of support. *Beach v. Beach*, 642 N.E.2d 269, 273 (Ind.Ct.App.1994); *In Re Marriage of Truax*, 522 N.E.2d 402, 406 (Ind.Ct.App. 1988), *trans. denied.* In addition, as obligor under the URESA scheme Ondo is entitled

to assert any defense to a support action which is available to him. *Truax,* 522 N.E.2d at 406; *D.L.M.,* 438 N.E.2d at 1028. Because the Lake County Circuit Court had subject matter jurisdiction to decide child support and URESA actions, its decisions cannot be collaterally attacked and can only be contested through direct appeal. *D.L.M.,* 438 N.E.2d at 1030 (Ratliff, P.J., concurring). Thus res judicata requires that the Porter Superior Court's order assessing Ondo arrearages be reversed.

## II.

### *Attorney's Fees*

■ Attorney's fees are not recoverable without express contractual obligation or specific statutory authority stipulating such fees are recoverable. *Shumate v. Lycan,* 675 N.E.2d 749, 754 (Ind.Ct.App.1997), *trans. denied.* URESA does not provide for the award of attorney's fees. Therefore, the Porter Superior Court's granting of Kemper's attorney's fees must be reversed.

Reversed.

SHARPNACK, C.J., and HOFFMAN, J., concur.