CARTER ET AL *v.* ZILKY ET AL.

[No. 17,595. Filed June 6, 1947.]

458

*Kenneth E. Shockley,* of Kokomo, for appellants.

*Joseph A. Noel* and *George C. Uhlir,* of Kokomo, for appellees.

DRAPER, J.—This is the second appeal in this case. See *Zilky* v. *Carter* (1946), 116 Ind. App. 595, 66 N. E. (2d) 285. After remand a new trial was had on the issues as originally joined. The cause was submitted on the same stipulation of facts as in the former trial, except it was additionally stipulated that the property was originally advertised for sale, not in one newspaper, as at first stated, but in three newspapers.

In the first appeal it was asserted by the then appellants, Zilky and Zilky, that the involved real estate

could not have been lawfully bid in by the auditor on behalf of the county, because the real estate was advertised for sale in only one newspaper. See §§ 64-2202 and 64-2203, Burns' 1943 Replacement. We found it unnecessary to consider that contention, because we believed the county was without title to the real estate for the other, and, we thought, more important reasons set forth in our opinion in that case.

On the second trial the court found against the complainants, Carter and Bousum, and against the cross-complainants, O'Blennis and O'Blennis, each of whom were seeking to quiet their title, and in favor of Zilky and Zilky, that the latter had a judgment lien against the premises. The latter do not claim title to the property.

Carter and Bousum now prosecute this appeal and the appellees, O'Blennis and O'Blennis, confess error and join in saying the judgment should be reversed.

The facts upon which we based our decision in *Zilky* v. *Carter, supra,* remain unchanged. Whether the sale should have been advertised in more than one newspaper obviously did not influence the result there reached. It was there decided, without reference to the sufficiency of the publication in that regard, that these appellants were not entitled to a judgment quieting their title. The construction there given the statute and the decision there made is the law of the case in that respect. *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089; *Automobile Underwriters, Inc.* v. *Rich* (1946), 116 Ind. App. 511, 64 N. E. (2d) 305; *Postlewaite, Treasurer,* v. *Hasse* (1933), 205 Ind. 396, 186 N. E. 761.

However, the trial court having now refused to quiet their title, Carter and Bousum assert that if and when

the court found their title to be invalid for any cause, it should have ascertained the amount due them and decreed the payment thereof within a reasonable time pursuant to the provisions of Acts 1919, ch. 69, § 297, being § 64-2417, Burns' 1943 Replacement.

Because of its length, we do not set the section out in this opinion. It generally provides that any person holding a deed executed by the county auditor for non-payment of taxes may commence a suit to quiet his title to the land, and if, upon the hearing of the cause, it shall appear that the complainants' title was or is invalid for any cause, such suit shall not be dismissed, but the court, in cases where the tax was due and un-paid, or the title was invalid for defect or uncertainty of description, shall ascertain the amount due the com-plainant, and from whom due, and shall decree the payment thereof within a reasonable time, and in de-fault of payment, shall direct a sale in the manner provided.

It will be remembered that Carter and Bousum did not purchase at *tax sale*. Carter purchased *from Howard County* after the auditor attempted to acquire the property on behalf of the county and other tax levying bodies under the provisions of ch. 43, Acts 1943, being § 64-2203, Burns' 1943 Replacement, and Bousum acquired a half interest from Carter. The section just referred to reads in part as follows:

"Whenever any real estate has been or shall here-after be advertised and offered for sale for delin-quent taxes, by the county treasurer, for any two (2) years or more, and no person shall have bid therefor a sum equal to the delinquent taxes there-on, then all of such real estate as remains unsold on the first Monday of December of any year during which such real estate shall have been so offered for sale, shall, by the auditor of such county, on said Monday be bid in for such county for a sum

equal to the amount of delinquent taxes, and costs thereon, such sum to include any subsequently ac-, crued delinquent taxes and penalties but not to include liens for any improvement assessment against such real estate, and thereupon said county shall be entitled to and shall receive tax sale certificates and/or tax deed *in the same manner and with the same rights as any other purchaser at such sale except as herein otherwise provided."* (Our italics.)

The appellants base their right to relief under § 64-2417 on the proposition that the italicized portion of § 64-2203 brings the county within the provisions of § 64-2417 and extends to the county and its grantees all the protection afforded by that section to a purchaser or the grantee of a purchaser at tax sale.

It seems to us that the language under consideration was intended to and does have that effect. Section 64-2417 is an earlier enactment and naturally makes no specific reference to the auditor or county as a purchaser at tax sale. But under the provisions of § 64-2203 the auditor is required to bid on behalf of the county under the circumstances detailed in the statute, and thereupon, by express legislative enactment, the county becomes a purchaser "with the same rights as any other purchaser at such sale."

It is well known that in the advertisement and sale of property for delinquent taxes errors often occur which have the effect of causing the deed to be invalid and ineffectual to pass title. In *Zilky* v. *Carter, supra,* we in effect said the collection of the taxes and the restoration of the property to useful taxpaying ownership was the important consideration. Such legislative purpose would not be promoted by extending to the county or a purchaser from the county, less protection than that enjoyed by a purchaser at tax sale or by his grantee, and requiring a purchaser from the county to

bid and pay at his peril. Nor does the statute, so far as we can see, impose any extra burden on a taxpayer who has permitted a lien for taxes to lodge against his property. The taxes are past due and owing in a certain amount, and should be paid in that amount with statutory costs, penalties and interest. Who holds the lien would seem to be unimportant to the debtor.

Under § 64-2203 the auditor is required to bid the property in for a sum equal to the amount of the delinquent taxes and costs thereon, such sum to include any subsequently accrued taxes and penalties but not to include liens for any improvement assessment. We believe that if the county auditor makes a good faith but unsuccessful effort to take the property over on behalf of the county under the terms of the statute, and the deed to the county is invalid or ineffectual to convey title for any reason which would have caused it to be invalid and ineffectual for that purpose in the hands of any other purchaser at the tax sale, the lien of the taxes remains in full force and is transferred by the deed to the county, its grantees and assignees, and the grantees and assignees of the county have such rights as would be had by the grantees and assignees of any other purchaser at that sale.

We said in *Carter* v. *Zilky, supra,* that no person could have "lawfully" bid the property at the 1941 sale for taxes only, for not only was the property not sufficiently advertised, but under the law no one could have bid at such sale a sum equal to the delinquent taxes thereon exclusive of assessments, and so the auditor had no right to bid under the statute. The point being determined was that no *title* could result from such a bid. It is not here contended, however, that if some person had nevertheless made a bid at such sale in an amount equal to the delinquent taxes and

costs only, he would not be entitled to relief under § 64-2417, or that his grantee would not be so entitled, nor is it suggested that the effort to take the property over on behalf of the county was not made in good faith.

As we have indicated, the lien acquired by the county or its grantee is for the amount actually bid by the auditor under the statute, regardless of the amount for which the property is sold by the county. The deed from the auditor to the county recites that the auditor bid the property in for the sum of $454.15, "that being the amount of delinquent taxes and costs thereon, together with subsequently accrued delinquent taxes and penalties thereon."

We conclude that the trial court should have computed the amount due the appellants for principal and interest, and should have further proceeded in accordance with the provisions of § 64-2417, at the same time fixing the priorities as between the appellants and the appellees Zilky and Zilky, who hold the judgment lien.

As above mentioned, all of the evidence was by way of stipulation. No useful purpose would be accomplished by a new trial of the cause and it is, therefore, remanded with instructions to enter a judgment in accordance with the views herein expressed.

NOTE.—Reported in 73 N. E. (2d) 347.