## CHERMAK v. CHERMAK

[No. 28,525.  Filed October 27, 1949.]

*Oscar A. Ahlgren,* of Whiting, for appellant.

*Ryan & Chester,* of Valparaiso, and *Floyd R. Murray,* of Hammond, for appellee.

STARR, J.—This action is an equitable one seeking, by direct attack, to set aside and vacate for fraud, a decree of the Porter Circuit Court, wherein the appellee obtained a divorce from the appellant.

The trial court sustained appellee's demurrer to appellant's amended complaint for insufficient facts; that ruling alone is assigned as error.

The substantial allegations of the amended complaint are as follows: That appellee had a husband living at the time of her marriage to appellant; that appellee knew she was not divorced from her husband at the time she married appellant, and when she brought her action for divorce against appellant; that at the time of the divorce trial appellant was a prisoner at the Indiana State Farm; that he was brought back for the trial, and was present at the trial in person and by counsel; that at the time of the trial appellant had already learned of the bigamous nature of his marriage with the appellee; that he discovered this fact "at about the time" of the trial. Although it is not contended that the complaint is based upon duress, yet there are allegations therein to the effect that during the trial appellant "was not in good or normal health, either in body or mind." The complaint also admits that he conveyed certain real estate to appellee, and accepted from her the sum of $7,821.36 all as ordered by the decree. It is

also averred that his physical and mental state was caused by his discovery of the bigamous marriage, and because there were other criminal charges pending against him which had been instigated by appellee. Also, that he acquiesced in the decree by executing the conveyance to appellee as ordered, and by accepting the payment from her due to his physical and mental condition, and because he believed he would be punished by the court and prosecuted further on the pending criminal charges if he did not so acquiesce.

It is not contended, nor could it be, under its allegations, that this complaint is based upon duress. The only contention is that the facts pleaded constitute fraud of a nature which would require a vacation of the decree.

It has been said, "that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." *United States* v. *Throckmorton* (1878), 98 U. S. 61, 25 L. Ed. 93. See also *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151; *State ex rel. Adam* v. *Martin, Auditor* (1926), 198 Ind. 516, 154 N. E. 284; *Pepin* v. *Lautman* (1901), 28 Ind. App. 74, 62 N. E. 60. This is sometimes referred to as "intrinsic fraud," or fraud in the inducement. On the other hand, it has been decided that fraud in procuring the exercise of jurisdiction of the court, or fraud which, in fact, prevents a trial of the issue in the case, will warrant the vacation of a judgment. Examples of fraud which prevent a trial of the issue are illustrated in *United States* v. *Throckmorton, supra,* at page 95, L. Ed. which reads as follows:

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by

keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing."

Fraud which warrants the avoidance of a judgment, is often referred to as fraud in the procurement. *Brake et al.* v. *Payne* (1893), 137 Ind. 479, 37 N. E. 140; *State ex rel. Adam* v. *Martin, Auditor, supra; Pepin* v. *Lautman, supra.* As defined in the cases last cited, fraud in the procurement must be extrinsic fraud; it is fraud outside the issues of the case.

Many courts do not adhere to all the principles laid down above. In several jurisdictions it has been held that fraud or perjury in misrepresenting *status or relationship* in a judgment such as we have before us, affords ground for relief from such judgment. These decisions are on the theory that such fraud or perjury goes to the procuring of the exercise of jurisdiction by the court. See *Bolden* v. *Schloss-Sheffield Steel & I. Co.* (1925), 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206, note p. 1219. Other courts hold that where there is perjury in obtaining a judgment, and where, without any lack of diligence on the party seeking relief, it remains undisclosed at the time of the trial; and where such perjury is of controlling importance and is established by clear proof; and where the enforcement of such judgment would be manifestly unconscionable, such judgment in a suit timely brought, can be avoided, regardless of

the fact that the perjury upon which the judgment is founded, is fraud in the inducement or intrinsic fraud. See 126 A. L. R. p. 390 note; *Publicker* v. *Shallcross,* 106 F. 2d 949 (CCA 1939) ; *Laun* v. *Kipp* (1914), 155 Wis. 347, 145 N. W. 183.

In the case before us, the appellee's marital status was presented by the issues in the divorce case. The decree therein, conclusively settles the fact that the parties hereto were duly married. It also precludes the parties as to all matters which might have been proved in support of the charges or defenses in the action. *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 50 N. E. 68. See also 17 Am. Jur., Divorce and Separation, § 387, p. 340. This being true, the fraud alleged is a matter of intrinsic fraud, and under the decisions of this court, which follow the rule laid down in *United States* v. *Throckmorton, supra,* this fraud cannot be the foundation of a suit to vacate the judgment attacked.

There is another reason why this judgment must be affirmed. It clearly appears from the complaint that appellant had knowledge of the bigamous marriage during the trial for divorce. This being true, he could not have been deceived. There was nothing to prevent him from contesting this divorce on the ground that the marriage was bigamous. The complaint shows a total lack of diligence.

In view of the decision we have reached, we need not decide whether appellant's failure to tender back the money received by him makes the complaint fatally defective, or whether he is estopped from vacating the judgment by reason of having received and accepted the money paid to him by appellee by reason of the settlement decree.

The demurrer was properly sustained, and the judgment is affirmed.

Emmert, J., concurs in the result.

NOTE.—Reported in 88 N. E. 2d 250.