JEWELL *v.* JEWELL.

1. DIVORCE—SETTING ASIDE DECREE—FRAUD.
   Fraud is a ground upon which a decree of divorce may be set aside, but it must appear that the decree was in fact procured by fraud and the complaining party must be able to show that he or she was free from fault, neglect or inattention to his or her case.

2. SAME—SETTING ASIDE DECREE—FRAUD—DISCRETION OF COURT.
   A decision to set aside a decree of divorce is generally discretionary with the trial court, and in the absence of a clear showing of fraud, it will not be set aside.

3. SAME—SETTING ASIDE DECREE—FRAUD—CLEAN HANDS—EVIDENCE.
   Defendant wife who had employed counsel to represent her on appeal in suit for divorce and perhaps knew of the effect of cohabitation after entry of decree in trial court *held*, not to be entitled to have decree set aside on account of fraud upon the courts, since she did not come into court with clean hands and record indicates she did not rely upon husband's alleged statements that he was going to have the cause discontinued.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 14, 1959. (Docket No. 75, Calendar No. 48,309.) Decided November 24, 1959.

Bill by Beryl Bruce Jewell against Dorothy Jewell for divorce. Decree for plaintiff affirmed in Su-

---

* Continued from Volume 357.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 498 *et seq.*
[2] 17 Am Jur, Divorce and Separation § 484 *et seq.*
[3] 17 Am Jur, Divorce and Separation § 522.

preme Court. Defendant moved to set aside decree because of fraud. Motion denied. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal (Robert B. Linsey,* of counsel), for plaintiff.

*Frederick W. Poel,* for defendant.

KAVANAGH, J. This is an action to set aside a divorce decree granted to plaintiff husband by the superior court of Grand Rapids on May 31, 1957. The decree was appealed to the Supreme Court by the defendant wife. Justice VOELKER, writing for the Court in *Jewell* v. *Jewell,* 351 Mich 618, directed that a decree be entered in the Supreme Court affirming the decree of the trial court, excepting as to one particular which is not important to the disposition of this case.

Appellant asked the lower court to set aside the decree of the Supreme Court, claiming fraud upon the courts and the defendant-appellant.

Dorothy Jewell alleges that in December of 1957, after her appeal was submitted to this Court, she and her husband discussed the possibility of a reconciliation. She alleges that her husband agreed that he would have the litigation discontinued, and they would re-establish themselves as husband and wife. She claims that during a period from the middle of December, 1957, until March of 1958, they lived together as husband and wife at various hotels and motels in the western part of the State; that ordinarily these occasions were on weekends. Admittedly each continued to live at their respective rooming houses most of the week. During this period of time the husband was allegedly seeking to rent a home or apartment where they might return to housekeeping.

Plaintiff denies any reconciliation, denies any cohabitation as husband and wife, and denies that he told defendant the litigation would be discontinued.

It is significant that defendant-appellant was represented by counsel during the appeal of the original matter to this Court. She admits that she failed to contact her attorney during this period of time to determine whether her appeal had been dismissed.

At the conclusion of the hearing on the petition to set aside the decree, the trial judge, in a written opinion, denied the petition on 2 theories: 1. The decree now is the decree of the Supreme Court over which he had no control or right to amend. 2. Dorothy Jewell knew that a decree of divorce had been rendered and knew that the matter was pending in the Supreme Court; that even if the acts of cohabitation took place as she testified, she was an equal party to the fraud and was not entitled to an order setting aside the decree since she did not come into court with clean hands.

While an exception to the general rule, this Court has expressly provided that fraud is a ground upon which a decree may be set aside, but it should not be set aside unless the charge of fraud is sustained. *Denby* v. *Ellis,* 245 Mich 124. It must appear that the judgment or decree was in fact procured by fraud, and the complaining party must be able to show that he or she was free from fault, neglect, or inattention to his or her case. 27A CJS, Divorce, § 169, p 680; *Matsis* v. *Matsis,* 155 Fla 786 (21 S2d 545); *Masilotti* v. *Masilotti,* 158 Fla 663 (29 S2d 872); *McCarty* v. *McCarty* (Mo), 300 SW2d 394; *Chermak* v. *Chermak,* 227 Ind 625 (88 NE2d 250).

It has been generally held that a decision to set aside a divorce decree on the ground of fraud is discretionary with the trial court, and in the absence of a clear showing of fraud it will not be set aside.

*Berg* v. *Berg,* 227 Minn 173 (34 NW2d 722) ; *Bussey* v. *Bussey,* 95 NH 349 (64 A2d 4, 12 ALR2d 151).

In the case at bar defendant knew that plaintiff had secured a divorce. She employed counsel to represent her on an appeal to this Court and presumably knew that the matter had been submitted to this Court for decision in October, 1957. Her sole claim of fraud is cohabitation after the decree committed a fraud on the court. It is significant that the same allegations were made by the wife at the original trial in the lower court, consequently she may have had knowledge of the effect of such actions on a divorce decree. If she lacked knowledge, why would she employ a detective to go with her to a motel, observe her entrance to a room, and watch until she left the next morning? This does not indicate that she relied upon the representation of her ex-husband that he would have the bill dismissed, but rather that she was preparing for an assault on the decree in the event she lost her case in this Court. She was equally guilty of fraud on the courts in the event fraud took place. The doctrine of coming into court with clean hands appropriately enough is applied to the facts in the case at bar. While the testimony of both parties indicates that neither had the proper respect for themselves or for the courts, in our opinion the court did not err by denying the motion to set aside the decree on the clean hands theory. *Gombasy* v. *Gombasy,* 318 Mich 139.

The order denying appellant's motion to set aside the decree is affirmed, with costs in favor of plaintiff-appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred.

VOELKER, J., did not sit.