**John H. MAGNUSON,**
**Appellant (Plaintiff),**

v.

**Kenneth L. BLICKENSTAFF d/b/a**
**Blickenstaff Rural Realty, Appellee**
**(Defendant).**

No. 79A02–8603–CV–99.

Court of Appeals of Indiana,
Second District.

June 9, 1987.

Thomas W. Munger, Lafayette, for appellant.

Kenneth L. Blickenstaff, Stockwell, pro se.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-plaintiff John H. Magnuson (Magnuson) appeals the granting of a motion to dismiss his complaint to set aside a default judgment, filed by Kenneth L. Blickenstaff d/b/a Blickenstaff Rural Realty (Blickenstaff), claiming fraud was perpetrated on the trial court.

We affirm.

### FACTS

On July 12, 1982, Blickenstaff brought an action against Magnuson and his wife

seeking recovery of a commission allegedly owed him by the Magnusons pursuant to a real estate listing agreement. Magnuson and his wife failed to appear at the hearing, and Blickenstaff obtained a default judgment against them on August 13, 1982. Magnuson and his wife filed a motion to set aside the default judgment apparently based on Ind. Rules of Procedure, Trial Rule 60(B)(1), claiming excusable neglect due to their old age. The trial court denied their motion on July 2, 1984, and the Magnusons then filed a motion to correct error claiming they did not have notice of the hearing. The motion to correct error was denied and the Magnusons did not appeal.

On June 7, 1985, Magnuson, his wife deceased, filed a complaint, asking that the previous judgment between the parties be set aside and for attorneys fees. This complaint alleged that Blickenstaff committed fraud upon the court by representing that he had procured a willing buyer when in fact the buyer had withdrawn her offer. Blickenstaff filed a motion to dismiss under T.R. 12(B)(6). The trial court granted the motion to dismiss, finding that the grounds which Magnuson set forth in his complaint were not shown to be unknown or unknowable to him at the time of his first motion to set aside the default judgment and therefore could not be raised in a second T.R. 60(B) motion, citing *Carvey v. Indiana Nat'l Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173.

### ISSUE

Magnuson raises this issue:

Did the trial court err in dismissing Magnuson's complaint which requested that the court set aside the default judgment?

### DECISION

PARTIES' CONTENTIONS—Magnuson contends the trial court erred in dismissing his complaint because it timely and adequately set forth a claim for fraud upon the court, as allowed under T.R. 60(B).

Blickenstaff argues that Magnuson did not adequately allege fraud in his complaint, that Magnuson's action was barred as it was not brought within one year from the judgment, that Magnuson failed to show the matter was not discoverable at the time of his first 60(B) judgment, and that Magnuson had "unclean hands."

CONCLUSION—The trial court did not err in dismissing Magnuson's complaint.

Even if the facts alleged in Magnuson's complaint are true, we cannot say the trial court erred in dismissing the complaint based on *Carvey, supra.* Although the present action was brought by complaint as an independent action, its goal is the same as any T.R. 60(B) motion, i.e., to set aside a prior judgment. We consider Magnuson's complaint to be indistinguishable from a T.R. 60(B) motion.[1]

It is well-established that a motion under T.R. 60 may not serve as a substitute for a direct appeal. *Snider v. Gaddis* (1980), Ind.App., 413 N.E.2d 322, *trans. denied; Sheraton Corp. of America v. Korte Paper Co.* (1977), 173 Ind.App. 407, 363 N.E.2d 1263; *Warner v. Young Am. Volunteer Fire Dep't* (1975), 164 Ind.App. 140, 326 N.E.2d 831. The proper function of a T.R. 60(B) motion is to afford relief from circumstances which were not discovered or discoverable during the time period in which to file a motion to correct error. *Snider, supra.* Regarding multiple 60(B) motions, the court in *Carvey, supra,* explained:

"The Indiana Rules of Procedure are to be construed in a manner promoting the just, speedy, and inexpensive determination of every action. TR 1. A party may not file repeated TR 60 motions until he finally either offers a meritorious ground for relief or exhausts himself and the trial court in the effort to do so."

*Id.* at 159, 374 N.E.2d at 1177. The court in *Carvey,* however, observed that the prohibition against bringing repeated T.R. 60(B) motions would not be applied when the defaulted party was unaware or had no

---

**1.** In fact, Magnuson maintains that his action is brought under T.R. 60(B)(8) based on fraud upon the court. *Appellant's Brief* at 21.

opportunity to become aware of certain facts to support the setting aside of a judgment at the time of his first 60(B) motion. *Id.* Our supreme court in *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, *on reh'g.*, rejected a second and third 60(B) motion when the defaulted party failed to show that the issues brought in the subsequent 60(B) motions were unavailable or unknown at the time of the first motion. In *Siebert,* the grounds alleged in the second and third motions were discoverable at the time of the first 60(B) motion or related to a substantive defense previously available to the defaulted party. *Id.*

■ The information alleged in Magnuson's complaint does not compel us to invoke the court's equity powers to relieve him from the previous default judgment. The record and his brief are devoid of *any* indication that the ground presently alleged, i.e., the alleged fraud by Blickenstaff stating there was a willing buyer, was unknown or available to him at the time of the first hearing, first T.R. 60(B) motion, or during the time period in which to file a motion to correct error after the ruling on his first motion for relief from default judgment.

Although a manifest and explicit showing by the defaulted party of circumstances explaining the inability to raise an issue at the prior appropriate time might override the strong interest in preserving the finality of judgments, we have no such showing here. The only evidence presented by Magnuson that even remotely relates to when he became aware of facts showing that there was no willing buyer and that Blickenstaff's statement was fraudulent was in an affidavit attached to Magnuson's motion to correct error in the present case. The affidavit, dated October 8, 1984, was written by the alleged willing buyer and contained one sentence to the effect that she was not, in fact, a willing buyer. Without any other basis in the record or any arguments in the party's brief, we cannot

assume that Magnuson had no knowledge or no means to become aware of any alleged fraudulent statement as to the willingness of the buyer at an earlier time.

"We must also observe that to sanction the repetitive filing of Rule 60(B) motions by a party suffering a default judgment is to encourage defaulted defendants to drag their feet and be dilatory in discovering grounds for setting aside a default judgment.... We do not wish to encourage defendants to hastily file a Rule 60(B) motion as soon as they discover one ground for relief ... and then take their time about discovering and raising other Rule 60(B) grounds and bombarding the court with more such motions."

*Siebert, supra,* at 338–39. Interestingly enough, Magnuson does not even address the propriety of bringing a second T.R. 60(B) motion, choosing to argue his right to bring an independent action for fraud upon the court.

■ It is Magnuson's contention that the final paragraph of T.R. 60(B) [2] opens an avenue for him to bring an independent action for fraud upon the court even though his present action was not brought until nearly three years after the default judgment was entered. The final paragraph of T.R. 60(B) provides in part:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."

An independent action for fraud upon the court is a recognized method of gaining relief from a judgment. *See Caley v. Lung* (1971), 257 Ind. 116, 271 N.E.2d 891; *Ayres v. Smith* (1949), 227 Ind. 82, 84 N.E.2d 185; *Smith v. Tisdal* (1985), Ind. App., 484 N.E.2d 42; *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391. An action for fraud upon the court, unlike an action based on fraud under T.R. 60(B)(3), may be brought more than one

---

**2.** Magnuson cites us to T.R. 60(B)(8) as allowing an independent action for fraud upon the court. However, the provision allowing an action for fraud upon the court is actually not a subsection of T.R. 60(B), but rather a provision added in the paragraph following the subsections of T.R. 60(B).

year after judgment. *Smith, supra.* Magnuson's argument fails, however, because his complaint does not contain sufficient allegations of fraud on the court.

Although no Indiana cases provide us with a precise definition of fraud upon the court, our supreme court in *Chermak v. Chermak* (1949), 227 Ind. 625, 88 N.E.2d 250, distinguished between *intrinsic* and *extrinsic* fraud in determining what issues may be raised by an independent action. The court in *Chermak* defined intrinsic fraud as a matter which has been presented to and considered by the court in its judgment, such as a fraudulent instrument or perjured testimony. Allegations of intrinsic fraud were said to provide no basis for setting aside a judgment. *Id.; see also Hegarty v. Curtis* (1950), 121 Ind.App. 74, 95 N.E.2d 706, *trans. denied.* Extrinsic fraud, on the other hand, is "fraud in procuring the exercise of jurisdiction of the court, or fraud which, in fact, prevents a trial of the issue in the case...." *Chermak, supra,* 227 Ind. at 627, 88 N.E.2d at 251. Examples of extrinsic fraud include fraud in keeping a party from court, fraud causing lack of knowledge of a suit, or fraud when an attorney "corruptly sells out his client's interest to the other side." *Id; see also Ayres, supra* (action for fraud upon court allowed when attorney represented both sides in litigation). The court in *Chermak* pronounced that only extrinsic fraud would warrant the setting aside of a judgment. *Id.* Although the intrinsic-extrinsic distinction has been criticized as "a distinction without merit," 4 W. HARVEY & R. TOWNSEND, INDIANA PRACTICE § 60.12, at 211–12 (1971), the distinction has been followed in many federal and state courts which have rules similar to Indiana's T.R. 60(B). *See Great Coastal Express v. International Bhd. of Teamsters* (4th Cir.1982), 675 F.2d 1349, *cert. den.,* 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978; *Wood v. McEwen* (9th Cir. 1981), 644 F.2d 797, *cert. den.,* 455 U.S.

942, 102 S.Ct. 1437, 71 L.Ed.2d 654; *Serzysko v. Chase Manhattan Bank* (2d Cir. 1972), 461 F.2d 699, *cert. den.,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139; *DeClaire v. Yohanan* (1984), Fla., 453 So.2d 375; *see generally* Annot., 19 A.L.R.FED. 761 (1974).

The United States Supreme Court in *United States v. Throckmorton* (1878), 98 U.S. (8 Otto) 61, 25 L.Ed. 93 announced the rule that fraud must be extrinsic in order to gain relief from judgment, thus setting the stage for many federal decisions. After FED.R.CIV.P. 60(B)(3) was changed to allow grounds of intrinsic or extrinisic fraud, the waters began to muddy as to whether the "savings" clause in the final paragraph of 60(B) would sanction *only* allegations of extrinsic fraud.[3] *See* Annot., 19 A.L.R.FED. 761 at 6[b]. The commentators caution that an independent action for fraud on the court only includes allegations of *extrinsic* fraud. 4 W. HARVEY & R. TOWNSEND, *supra,* § 60.18; 7 J. MOORE & J. LUCAS, *supra,* ¶ 60.33, ¶ 60.37[1]; *see also Serzysko, supra.*

What remains clear, however, is that alleged perjury or false evidence presented to the court, whether denominated intrinsic or extrinsic or neither, is not an accepted ground on which to receive relief from judgment.

"[C]ourts ... have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court.' ... Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. In addition, the legal system contains other sanctions against perjury. Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process already suggested, those that we cannot neces-

---

**3.** As explained by one commentator, if a motion for relief is brought under T.R. 60(B)(3) within one year from judgment, there is no need to distinguish between intrinsic and extrinsic fraud. If brought beyond the one year limit, a *different* species of fraud, i.e. fraud on the court,

must be shown or the time limit imposed on 60(B)(3) motions would have no meaning. 7 J. MOORE & J. LUCAS MOORE'S FEDERAL PRACTICE ¶ 60.-33, at 356 (2d ed. 1985); *see also Great Coastal Express, supra; Rozier v. Ford Motor Co.* (5th Cir.1978), 573 F.2d 1332.

sarily expect to be exposed by the normal adversary process."

*Great Coastal Express, supra,* at 1357 (citations omitted). *See also Bulloch v. United States* (10th Cir.1985) 763 F.2d 1115, *cert. den.,* —— U.S. ——, 106 S.Ct. 862, 88 L.Ed.2d 900; *Travelers Indem. Co. v. Gore* (11th Cir.1985), 761 F.2d 1549; *Wood, supra; Serzysko, supra;* Annot., 19 A.L.R. FED. 761, at 8[b].

 Magnuson's complaint asserts that Blickenstaff falsely and fraudulently represented to the court that he had a willing buyer. Such allegations certainly appear to relate to intrinsic fraud which cannot successfully support the setting aside of the judgment under the "savings clause" in the final paragraph of T.R. 60(B).

 Finally, notwithstanding the intrinsic-extrinsic distinction, the contentions in Magnuson's complaint fail to even approach the well-recognized and accepted definition of fraud on the court which is construed narrowly by the federal courts:

> " 'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. . . ."

7 J. MOORE & J. LUCAS, *supra,* ¶ 60.33, at 360; *see also Bulloch, supra; Great Coastal Express, supra; Kerwit Medical Prods., Inc. v. N. & H. Instruments, Inc.* (5th Cir.1980), 616 F.2d 833; *Serzysko, supra.*

Thus, we arrive at the conclusion that the trial court did not err in dismissing Magnuson's complaint for failure to state a claim because Magnuson has failed to demonstrate that the facts giving rise to the allegation of fraud were not previously known or available to him, and also because the present complaint fails to allege facts rising to the level of fraud on the court.

Affirmed.

GARRARD, P.J., concurs with separate opinion.

SHIELDS, P.J., concurs in result.

GARRARD, Presiding Judge, concurring.

I concur with the majority's analysis of intrinsic and extrinsic fraud and when a judgment may be attacked on the basis of fraud perpetrated on the court.

I write separately merely to add that even if we were to consider intrinsic fraud as providing an available ground for relief, it would do Magnuson no good.

In order to be actionable a fraud must have caused some harm. When Magnuson defaulted, that served to admit the claim of liability. *Carson v. Perkins* (1940), 217 Ind. 543, 29 N.E.2d 772.

Thus, the default rather than the allegation of a willing buyer was the operative fact in securing the entry of the judgment.