Lena RANSBURG, Personal Representative of the Estate of E.M. Ransburg, Appellant,

v.

Mildred M. KIRK, Hershel Kirk, Marion County Board of Commissioners, City of Indianapolis, and Auditor of Marion County, Appellees.

No. 49A04–8612–CV–392.

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1987.

Robert L. Hartley, Jr., Martin Wade Hartley & Hollingsworth, Indianapolis, for appellant.

Robert A. Claycombe, William F. Kennedy, Jr., Kothe Claycombe Kortpeter & McPherson, Indianapolis, for appellees.

## ON PETITION FOR REHEARING

MILLER, Presiding Judge.

In our published decision of June 30, 1987, *Ransburg v. Kirk* (1987), Ind.App., 509 N.E.2d 867, we reversed the trial court's judgment that the Ransburg's county tax sale deed was invalid. Mildred and Hershel Kirk were the owners of record of real property located in Marion County, commonly known as 2443 Northwestern Avenue, Indianapolis, Indiana. The Kirks failed to pay the real estate taxes on that property when they were due and the property was offered at auction sale, but did not sell, at the Marion County Tax Sales in 1979 and 1981. There was no tax sale in Marion County in 1980. Pursuant to IND. CODE § 6–1.1–24–6, the Marion County Auditor issued a tax sale certificate to Marion County on the first Monday of December, 1981; a deed was issued to the County one year later. The Marion County Board of Commissioners, through its Department of Public Works, offered the property for sale at auction. Lena Ransburg's late husband, E.M. Ransburg, paid $7,000 for the property and the county executed a quitclaim deed to him on February 23, 1984. The Kirks later refused to acknowledge the validity of the title of E.M. Ransburg and refused to surrender possession to him. Lena Ransburg brought suit to quiet title and the Kirks raised numerous defects in the tax sale proceedings as affirmative defense. The parties stipulated to the significant facts. The trial court found Ransburg failed to carry her burden of proof and concluded the county's quitclaim deed passed no interest in the property to Ransburg. Judgment was entered for the Kirks.

Ransburg appealed and raised five errors. We found the trial court had clearly erred in (1) failing to assign the burden of proving the tax sale was invalid upon the Kirks; (2) concluding the Notices of Sale at Public Auction were defective because they did not contain the words "county courthouse"; (3) concluding the Public Notice of Tax Sale required under I.C. 6–1.1–24–2 must contain a legal description of the property; (4) concluding the 1981 Notice of Tax Sale sent to the Kirks did not comply with I.C. 6–1.1–24–4 and (5) concluding I.C. 6–1.1–24–6 requires property to be offered for sale in two (2) consecutive calendar years if it becomes impossible to hold a tax sale in one year. Because the Kirks rested upon their pleadings and stipulations at trial and therefore failed to rebut the presumption that the certificate of sale Ransburg received from the county was valid, there were no factual disputes and no need for retrial. We remanded with instructions to the trial court to enter judgment in favor of Ransburg.

On rehearing, the Kirks challenge the court's conclusion in footnote 5 which states that "If we upheld the trial court's ruling and voided the sale, our decision would have the effect of voiding all 1981 tax sales in Marion County—a result which could be both catastrophic and absurd." The Kirks also correctly note that the record on appeal did not contain their re-

quest to the trial court for findings of fact and conclusions of law, and that this omission in the record as prepared by Ransburg changes our appellate standard of review from that used under Trial Rule 52(D) to the standard used under Trial Rule 52(A). We now address the Kirk's petition for rehearing for the limited purpose of clarifying these two issues.

■ The Kirk's challenge to footnote 5 is both correct and without merit. It is true that this court's upholding the trial court's ruling on the basis that the property had not been offered for sale in two consecutive years would *not* have the effect of voiding all 1981 tax sales, as may have been inferred from our language in footnote 5, but rather would void the county's title to all property acquired under IND. CODE § 6–1.1–24–6 from the 1981 sale. However, if this court had upheld the trial court's decision on the basis that the words "County Courthouse" were not used in the public notice of tax sale, or on the basis that the public notice of tax sale did not contain a legal description of the property, then that would have had the effect of voiding all 1981 tax sales in Marion County. We find the possible technical error in footnote 5 is not a basis upon which to grant rehearing because it was not the basis for this court's opinion. The Kirk's challenge to footnote 5 does, however, remind this court of the maxim that the court should decide only those issues which must be decided to dispose of the parties' case and refrain from additional comments, even in footnotes.

■ Although the Kirks did not raise in their appellee's brief either the issue of the correct standard of review or the fact that their request for findings of fact and conclusions of law pursuant to Trial Rule 52(A) was missing from the record as prepared by appellant Ransburg, the Kirks do raise these concerns on petition for rehearing. This court specifically applied the more stringent standard of review contained in Trial Rule 52(D) to this case because a thorough search of the record before us revealed no request for findings and conclusions by either party or a trial court decision, prior to the taking of evidence, to render findings and conclusions. Ransburg accepted the burden of showing on appeal that the findings of the trial court were clearly erroneous and that no other theory supported by the evidence would sustain the trial court's decision. Since Ransburg sustained the heavier burden of Trial Rule 52(D) on appeal, we fail to see what difference it now makes that Ransburg burden could have been lighter under Trial Rule 52(A), had she brought up as part of the record the Kirks' request for written findings.

The Kirks' petition for rehearing is denied.

CONOVER and HOFFMAN, JJ., concur.