George C. MICKLE, Appellant
(Defendant Below),

v.

Mildred KIRK, Individually, Mildred Kirk
d/b/a Kirk Funeral Home, Mildred
Kirk, Executrix for the Estate of Ethel
Rice, Deceased and All Tenants & Oc-
cupants of 535 West 25th Street, India-
napolis, IN, Appellee (Plaintiff Below).

No. 49A04–8907–CV–304.

Court of Appeals of Indiana,
Fourth District.

Aug. 29, 1990.

**1120**

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Robert A. Claycombe, Kothe, Claycombe, Kortepeter & McPherson, Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant George C. Mickle (Mickle) appeals the trial court's denial of his motion for relief from judgment in an action to quiet title. He additionally appeals the trial court's award of damages in his action for unjust enrichment against Plaintiff–Appellee Mildred Kirk, et al (Kirk).

Affirmed in part, remanded in part.

Mickle presents five issues which we consolidate and address as:

1. whether the trial court abused its discretion in overruling Mickle's motion for relief from judgment in light of *Ransburg v. Kirk* (1987), Ind.App., 509 N.E.2d 867, *reh. denied,* (1987), Ind.App., 515 N.E.2d 884, which was handed down while Mickle's original motion to correct error was under advisement; and

2. whether the trial court erred in construing I.C. 6–1.1–25–12 and I.C. 34–1–49–1 et seq. when it computed damages on Mickle's claim for unjust enrichment.

Mickle purchased property deeded to Marion County after the property was unsuccessfully offered for tax sale in 1979 and 1981. The former owner, Kirk, failed to pay the taxes due. Mickle purchased the property for $6000.00 at a Marion County Department of Public Works auction, then filed his complaint for ejectment, quiet title and prejudgment possession. The trial court granted Mickle prejudgment possession, subject to bond. While still in Kirk's possession, the property was vandalized requiring Mickle to expend funds on repairs and improvements to return the property to a rentable condition. At trial the court found irregularities in the Auditor's proceedings through which the property was obtained and found Mickle's quitclaim deed was defective to convey title. The court then entered judgment in favor of Kirk. Mickle filed his motion to correct error, which was denied, then began initiation of his appeal. The appeal was dismissed due to Mickle's failure to timely file the record.

Mickle then filed his claim for unjust enrichment seeking to recover the purchase

price, plus the costs of improvements and repairs necessary to return the property to a rentable condition. The trial court awarded Mickle the cost of the repairs plus the real estate taxes for a total award of $7,960.00. The court then awarded this amount off-set against the rental value of the property from December 1, 1986, through August 17, 1988, the period when Kirk was deprived of its use. Thus, Mickle's award was $2,717.54. Subsequently, Mickle filed his motion to correct errors which was denied. Mickle then learned *Ransburg v. Kirk, supra*, another case involving Kirk, wherein Kirk's counsel was the same as in the present case, was handed down during the pendency of Mickle's motion to correct errors in the action to quiet title.

Mickle next filed his motion for relief from judgment relying on *Ransburg*. The trial court set aside, reconsidered and re-entered its original order denying Mickle's second motion to correct errors and his motion for relief from judgment, the denial of which Mickle now appeals.

Additional facts will be provided below as necessary.

Mickle contends the trial court abused its discretion in denying his motion for relief from judgment in light of our decision in *Ransburg, supra.* Mickle maintains *Ransburg*, which was decided after the motion to correct error was filed, yet before the court's denial of the motion to correct error, controlled the trial court's decision. Mickle maintains the court's failure to follow *Ransburg* constitutes an abuse of discretion. We disagree.

■ The provisions of Ind.Trial Rule 60(B) do not provide a substitute for a direct appeal. *Magnuson v. Blickenstaff* (1987), Ind.App., 508 N.E.2d 814, 816. A T.R. 60(B) motion is addressed to the equitable discretion of the court. Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* Further, a trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Id.*

■ Additionally, *Sheraton Corp. of America v. Korte Paper Co., Inc.* (1977), 173 Ind.App. 407, 363 N.E.2d 1263, precludes Mickle's argument based on the *Ransburg* decision. In *Sheraton*, we considered whether a party, unsuccessful at trial, who permitted the judgment against him to become final, may use T.R. 60 to be relieved from judgment based on a later appellate case. In concluding he may not, absent additional pertinent circumstances, the court stated

> It has been recognized that subsection (8) is a catch all provision that should be liberally construed to allow courts to vacate a judgment within the residual power of a court of equity to do justice ...
>
> Even so, we are constrained to hold that the subsection has no application to this case, for the facts do not invoke the court's equity powers. The facts are that the claimant sued and lost. Although it filed a motion to correct errors, it then permitted the judgment to become final. On the basis of a subsequent decision in a legally unrelated case, it now asserts that it should be relieved from the judgment because had it taken the appeal it had elected to forego, it presumably would have won a reversal.
>
> Perhaps it would be a sufficient answer to say that the ground upon which Korte sought relief was clearly assertable in a motion to correct errors, and was therefore cognizable under T.R. 60(B)(2). It should then be concluded that T.R. 60(B)(8) was unavailable to reach an allegation that properly belonged under one of the specific subsections of the rule....
>
> ... Where a court has jurisdiction of the parties and the case, the public policy considerations expressed in the doctrine of *res judicata* which favor bringing litigation to a conclusion preclude relitigation of a claim that has been finally

judicially determined. That the court made an error of law in deciding the case will not open its judgment to a collateral attack.... Similarly, it is only where some *additional* factual circumstances invoke's [sic] the court's equitable power to do justice that a party under the auspices of T.R. 60 may seek relief *on equitable grounds* from a prior judgment which has become final through failure to perfect an appeal or the completion of appellate process.

No such circumstances are present in this case. The ground urged for relief was merely the error of law available, and in fact raised in the motion to correct errors. That a subsequent decision of this Court, in a different case, recognized the reality of the error does not alter this. It merely demonstrates that had the claimant appealed, he would have succeeded, assuming the allegedly identical evidence. However, Korte elected to take no appeal. When it forewent appeal, it accepted the judgment and became bound by the law of the case. (Citation omitted).

*Id.*, 363 N.E.2d at 1265. *Sheraton* was recently cited with approval in *St. Catherine's Hospital v. Bergner* (1986), Ind.App., 493 N.E.2d 1321 and *Magnuson v. Blickenstaff, supra.*

Mickle cites to *St. Joseph's Hospital of South Bend, Inc. v. Woman's Pavilion of South Bend, Inc.* (1983), Ind.App., 451 N.E.2d 1126 and *Warner v. Young America Vol. Fire Department* (1975) 164 Ind. App. 140, 326 N.E.2d 831, for the proposition the appellate decision would constitute a "change in factual circumstances" which may entitle the moving party to relief from the original judgment. While we agree there is no reason to limit the application of T.R. 60(B)(7) when equity demands otherwise, *St. Joseph's, supra*, at 1130, the factual differences between *Ransburg* and the present case support the trial court's decision. The trial court's denial of Mickle's motion for relief from judgment was not an abuse of discretion.

Here, Mickle sued and lost and filed his motion to correct error. Mickle then allowed the decision of the trial court to become final. Based on *Ransburg*, Mickle sought relief from judgment. The reasoning of *Sheraton* is dispositive. Mickle cannot now attack the trial court's judgment based upon a subsequently decided appellate case. We need not address the issue of Kirk's counsel's failure to notify the court of *Ransburg* because the trial court properly decided the issues at hand. The trial court did not abuse its discretion in denying Mickle's motion for relief from judgment.

▆▆ Mickle contends the trial court erroneously applied I.C. 6–1.1–25–12 and I.C. 34–1–49–1 et seq. in computing damages. Specifically, Mickle maintains the trial court erroneously denied repayment of the purchase price of the property, failed to include the cost of a breezeway as a permanent improvement and erroneously calculated rental damages on the property. We agree and remand to the trial court to recalculate damages consistent with this opinion.

In its findings of fact and conclusions of law of August 17, 1988, the trial court specifically found the sale by which Mickle obtained the property "had many indicia of a tax sale". (R.226). The court further found both I.C. 6–1.1–25–12 and I.C. 34–1–49–1 apply. The court went on to state the statutes should be applied in conjunction and in harmony.

I.C. 6–1.1–25–12 provides

(a) If the conditions prescribed in subsection (b) of this section exist, the grantee of a deed executed under section 4 of this chapter, or his successors or assigns, acquires a lien on the real property in an amount equal to the sum of:

(1) *the price paid at the tax sale for the real property;*

(2) *the taxes and special assessments paid by the grantee, or his successors or assigns, subsequent to the sale; and*

(3) *any amount due the grantee, or his successors or assigns, as an occupying claimant.*

(b) The grantee, or his successors or assigns, shall acquire a lien under this section only if:

(1) *the tax deed is ineffectual to convey title;*

(2) the taxes or special assessments for which the real property was sold were properly charged to that property and were unpaid at the time of sale; and

(3) the real property has not been redeemed.

(c) The grantee, or his successors or assigns, *may recover from the original owner of the real property,* the owner of a life estate in the real property, or any other person primarily liable for the payment of the taxes and special assessments upon the real property an amount equal to the sum of:

(1) *the amount of the lien prescribed in this section;*

(2) *interest at the rate of ten percent (10%) per annum on the amount of the lien;* and

(3) all other lawful charges.

(Emphasis added).

Additionally, the occupying claimant statute I.C. 34–1–49–1 et seq. provides for the recovery of the purchase price. I.C. 34–1–49–12 states in part

... Proceedings shall then be had, as aforesaid, to determine the amount of purchase-money paid with interest, the value of the lasting improvements, the damages, if any, which the premises have sustained by waste or cultivation, the value of the rents and profits, and the taxes paid....

Further, in *Carter v. Zilky* (1947), 117 Ind.App. 457, 73 N.E.2d 347, 349–350, the court interpreted a similar situation under a statute which provided the county must bid the amount of delinquent taxes and costs to obtain the property after two unsuccessful tax sales. The court stated

... We believe that if the county auditor makes a good faith but unsuccessful effort to take the property over on behalf of the county under the terms of the statute, and the deed to the county is invalid or ineffectual to convey title for any reason which would have caused it to be invalid and ineffectual for that purpose in the hands of any other purchaser at the tax sale, the lien of the taxes remained in full force and is transferred by the deed to the county, its grantees and assigns, and the grantees and assignees of the county have such rights as would be had by the grantees and assignees of any other purchaser at that sale.

Here, the current statute does not require the county to bid in order to have deed to the property. I.C. 6–1.1–24–6(b) provides the county has the same rights as a purchaser. We agree with the reasoning of *Carter* and conclude Mickle is entitled to repayment of the purchase price of the property. Our decision is supported by the above referenced statutes.

Mickle next contends the trial court failed to consider the breezeway as a permanent improvement. He maintains he is entitled to receive the value of the improvement. We agree.

■ I.C. 34–1–49–12 (above) and I.C. 34–1–49–3 provide for payment of lasting improvements. Further, I.C. 34–1–49–1 et seq., is designed to afford relief where an occupant with only color of title makes improvements to the land believing it to be his own and then learns someone else is the true owner. *City of Gary v. Belovich* (1989), Ind.App., 544 N.E.2d 178, 179, *reh. denied, trans. denied.* Further, a claimant can only recover the value of improvements to the extent they increase the value of the property upon which they were mistakenly placed, and to the extent they benefit the owner of the realty, regardless of their value to the occupying claimant. *Thompson v. Illinois C.R. Co.* (1920), 75 Ind.App. 410, 129 N.E. 55, 56.

■ Here, Mickle expended funds to have the breezeway constructed. The court found

... (14) Certain amounts claimed by plaintiff were not to repair damage caused by vandalism but rather were true "improvements."

(R. 227). The statutes clearly provide for recovery of the value of the improvements. We remand for calculation of the value of the breezeway as an improvement to the property.

Mickle contends the trial court erred in determining the rental value of the property was $5,250.00 from December 1, 1986, through August, 1988, based upon a value of $250.00 per month. He maintains the trial court erroneously calculated damages in this regard since the property, when he came into possession, was not in a rentable condition. Mickle maintains the rental value of the property should be computed at its value at the time he acquired possession. We agree.

I.C. 34–1–49–3 provides

Sec. 3. All issues joined thereon shall be tried as in other cases, and the court or jury trying the cause shall assess:

First. The value of all lasting improvements made as aforesaid on the lands in question previous to the commencement of the action for the recovery of the lands.

Second. The damages, if any, which the premises may have sustained by waste or cultivation to the time of rendering judgment.

Third. *The fair value of the rents and profits which may have accrued, without the improvements, to the time of rendering judgment.*

Fourth. The value of the estate which the successful claimant has in the premises, without the improvements.

Fifth. The taxes, with interest, paid by the defendant, and by those under whose title he claims. (Emphasis added).

Further, in *Carver v. Fennimore* (1888), 116 Ind. 236, 19 N.E. 103, 105, a case involving the rights of co-tenants, the court stated

... Unless, therefore, some peculiar circumstances are shown, the owner of an undivided interest in land who occupies the whole estate in good faith, under claim and color of title to the whole, and has made permanent and valuable improvements under the mistaken belief that he is the owner of the whole estate, is accountable only for the fair rental value of the property in the condition in which it was when it went into his possession ... This rule is an analogy to that prescribed by the statute governing the rights and liabilities of occupying claimants, and has, besides, the support of reason and authority. (Citation omitted).

Here, Mickle took possession of the property in July, 1985. While the property was in Kirk's possession, it was vandalized resulting in damages requiring replacement of water heaters and furnaces as well as other repairs. The trial court found Mickle's efforts to be repairs rather than improvements and thus computed the value of the property for purposes of rent at the time the repairs were completed rather than at the time of possession. However, in applying I.C. 34–1–49–3 in accordance with *Carver*, we remand to the trial court for recalculation of the rents and profits.

Affirmed in part, remanded in part.

MILLER, P.J., concurs.

CHEZEM, J., concurs in result.