GLOBAL TRAVEL AGENCY,
INC., Appellant–Plaintiff,

v.

METAL RECOVERY TECHNOL-
OGIES, INC., Appellees–De-
fendants.

No. 45A03–9905–CV–194.

Court of Appeals of Indiana.

May 11, 2000.

Edward P. Grimmer, Crown Point, Indiana, Attorney for Appellant.

Harold Abrahamson, Scott R. Bilse, Hammond, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-plaintiff Global Travel Agency, Inc. (Global) appeals the trial court's partial grant of a Motion to Vacate Void Judgment in favor of appellee-defendant Metal Recovery Technologies, Inc. (MRT). Specifically, Global argues that, because the trial court did not indicate which subsections of Ind. Trial Rule 60(B) were the basis for vacating the judgment, several issues must be addressed. First, Global maintains that if the trial court found a basis for its ruling in T.R. 60(B)(1)-(4), then the one-year time limit provided in T.R. 60(B) should have precluded the motion to vacate the judgment, which came nearly eighteen months after judgment was entered. Global argues that under the facts of this case, extrinsic fraud or fraud upon the courts are the only possible bases for the judgment being void, under T.R. 60(B)(6) or (8) because of the more flexible time limit under these provisions. However, it argues that there was no such fraud established by the facts. Global argues that even if extrinsic fraud or fraud upon the court were found, the court abused its discretion in finding an eighteen-month delay in bringing the motion to vacate to be a reasonable time. Finally, Global argues that MRT never satisfied the second requirement of a party requesting to set aside a default judgment, namely a prima facie showing of a meritorious defense to the action.

### FACTS

MRT regularly purchased airline tickets from Global for travel to and from its London base. MRT failed to pay for the tickets, and for that reason Global threatened to cut off MRT as a customer. In response, MRT paid nearly its full balance and then began to charge more tickets to its account. Global asserts that MRT pur-

chased these additional tickets without intending to pay for them and ultimately did not pay for them.

Global initiated this action on May 23, 1997, to recover the costs of air tickets that had been delivered to MRT and used. It requested in its complaint the value of the airplane tickets and treble damages and attorney fees under the Victims' Compensation Act, then IND.CODE § 34–4–30, now recodified as IND.CODE § 34–24–3–1. The theory of the latter request was that MRT had an intentional scheme to convince Global of its ability to pay for tickets when it could not actually pay for them.

MRT was served with a summons on June 2, 1997. Nonetheless, MRT failed to appear or answer Global's complaint. Global moved for entry of default, which was granted. A hearing was held on damages. Default judgment was entered on July 2, 1997. Global then requested a hearing on proceedings supplemental, including a notice of adverse claim on MRT's bank account. Nonetheless, MRT failed to appear at the September 24, 1997 hearing for proceedings supplemental. Global filed a verified petition for rule to show cause. The sheriff served that citation on MRT on July 8, 1998. Furthermore, Global discovered other assets for attachment and reset the hearing on proceedings supplemental. Global then elicited MRT's appearance on June 24, 1998. On December 28, 1998, six months later, MRT filed its motion to vacate the judgment, asserting that it was void.

Following a hearing on the motion, on April 8, 1999, the trial court issued an order granting the motion to vacate the judgment in part by setting aside and vacating the award of treble damages. The trial court also issued a clarifying order on April 15, 1999 noting that it had entered an amended judgment against MRT, awarding to Global compensatory damages in the amount of $20,199.33, plus prejudgment interest in the amount of $1,745. The trial court stated that it also awarded attorney fees in the amount of $5,000, plus

costs, all to accrue at the statutory rate calculated from the date of the original judgment.

Global filed a timely appeal. However, it was required to seek relief from the stay of involuntary bankruptcy proceeding that other creditors of MRT had filed. Global ultimately obtained relief from the stay and now appeals.

### DISCUSSION AND DECISION

#### I. Standard of Review

Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind.Ct.App.1999). The decision to grant or deny a motion to set aside default judgment is within the equitable discretion of the trial court, and we will only reverse a trial court's ruling only upon finding an abuse of discretion. *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247, 1249 (Ind.Ct.App.1999). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Englebright*, 719 N.E.2d at 1253.

#### II. Timeliness under T.R. 60(B)(3)

Global first contends that MRT's motion to vacate the judgment was not properly granted under T.R. 60(B)(3), which grants relief on the basis of fraud, extrinsic or intrinsic. Specifically, it argues that such a motion must be filed within one year of the judgment.

We note that there are three ways of attacking a judgment on the basis of fraud: (1) pursuant to T.R. 60(B)(3) for intrinsic or extrinsic fraud; (2) an independent action for extrinsic fraud, and (3) an independent action for fraud upon the court. *In re Marriage of M.E. and D.E.*, 622 N.E.2d 578, 581 (Ind.Ct.App.1993). Both the second and third methods are

encompassed within the clause of T.R. 60(B) which provides that: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court."

By way of definition, intrinsic fraud involved matters which were presented to and considered by the trial court in its judgment, such as a fraudulent instrument or perjured testimony. *Chermak v. Chermak*, 227 Ind. 625, 627, 88 N.E.2d 250, 252 (1949). False evidence, whether in the form of perjured testimony under oath in open court or in a pleading or affidavit admitted into evidence, is defined as intrinsic fraud. *Matter of Paternity of K.M.*, 651 N.E.2d 271, 277 (Ind.Ct. App.1995).

Notably, a motion for intrinsic fraud can only be made under T.R. 60(B)(3). *Id.* However, motions for relief from judgment made under T.R. 60(B)(1) through (4) must be filed within one year of the final judgment.

In this instance, because the one-year deadline for T.R.60(B)(3) was not met, MRT could not prevail upon an allegation of intrinsic fraud even if it demonstrated that demonstrably false testimony or affidavits were offered in the case.

### III. Other Possible Grounds

Global next contends that, under the facts of the case, extrinsic fraud or fraud upon the court are the only possible bases for voiding the judgment because there is no specific time limit within which these must be asserted. However, Global contends that there is no factual support for either type of fraud.

Extrinsic fraud and fraud upon the court both escape the one-year time limit imposed upon motions based upon intrinsic fraud. Instead they must be asserted within "a reasonable time." T.R. 60(B). Extrinsic fraud is found where the fraudulent matter prevented a trial of the issue in the case or improperly procured the exer-

cise of the court's jurisdiction. *Id.* Extrinsic fraud is fraud causing lack of knowledge of the suit or keeping the party from court. *Marriage of M.E. and D.E.*, 622 N.E.2d at 581.

In contrast, fraud upon the court is defined much more narrowly as the most egregious circumstances in which an unconscionable plan or scheme was used to improperly influence the court's decision and such acts prevented the opposing party from fully and fairly presenting his case. *Paternity of K.M.*, 651 N.E.2d at 277.

In this instance, we agree with Global that MRT did not establish either extrinsic fraud or fraud upon the court. First, regarding extrinsic fraud, no argument was made at the hearing that the trial court's jurisdiction was improperly invoked or that MRT was somehow kept from having knowledge of the suit. Thus, this basis for voiding the judgment, which MRT does not attempt to assert, is eliminated.

Second, we examine MRT's assertion that Global's allegations to the court constituted "fraud upon the court." Appellee's brief at 4. MRT suggests that Global made fraudulent arguments to the court when it stated that MRT had not paid the bills in question and that MRT procured the tickets by deceiving or misleading Global about its ability to pay for the tickets. Furthermore, MRT states that Global "implied" that no course of dealing existed between the two parties and that no payments had ever been made by MRT. Appellee's brief at 3, 4.

However, our review comes to but one conclusion, and that is that Global's allegations did not in any manner constitute an unconscionable plan to improperly influence the court. Fraud upon the court is found only in the "most egregious circumstances." *See id.* Such circumstances are not present when a party asserts in court that a company ordered goods knowing it could not pay for them following a period

in which it paid only partially and untimely for other goods. MRT points to no facts suggesting that egregious circumstances existed or that an unconscionable scheme was afoot. Moreover, MRT now goes so far as to suggest that the fraud perpetrated on the court consisted in part of Global's seeking $20,199.33 in unpaid tickets from MRT when an attachment to its affidavit for damages actually shows that MRT owed as much as $22,150.34. R. at 71–72. In other words, Global misstated to the court how much it was owed and received compensatory damages in an amount $2,000 less than what it was actually owed. We fail to understand how this constitutes a fraud upon the court or why MRT should be heard to complain about the result.

For all of the above reasons, we conclude that the trial court could not have found that MRT established the existence of either fraud upon the court or extrinsic fraud.[1] Because of MRT's unexplained delay of nearly eighteen months, no other basis for establishing fraud is available. Thus, we find the trial court's order setting aside that part of Global's judgment requiring treble damages is clearly against the logic and effect of the facts and circumstances before the court. *See Englebright,* 719 N.E.2d at 1253. We therefore reverse the trial court and reinstate Global's original judgment, including treble damages.

Judgment reversed.

RILEY, J., and KIRSCH, J., concur.

---

1. Because we do not find a basis for a motion to set aside the default judgment, we do not consider Global's final argument that MRT did not make a prima facie showing of a meritorious defense to the action.